*D. D. Pratt*, for appellee.

---

The White Water Valley Railroad Company *v.* McClure.

Right of Way.—Assessment of Damages.—Where several exceptions were filed by the owner of lands taken by a railroad, to the assessment of damages, each containing some valid objection to the assessment, though all might have been included in one general exception, that the damages assessed were too small, it was held that demurrers to the exceptions were rightly overruled.

Same.—Evidence.—Evidence that the tract of land through which the road is located is worth as much, or more, with the road than without it, is not admissible.

Same.—Any consideration of the benefits resulting to the residue of the land from the building of the road is expressly prohibited by the statute.

Same.—In assessing damages, the jury should consider the value of the land appropriated, together with any injury to the residue of the land,

naturally resulting from the appropriation, such as the cutting of fields into inconvenient shapes, the interruption of convenient access to stock water, the necessity of additional fencing, &c.

SAME.—Where the application for the assessment of damages was made after the road had been constructed, and in such construction a large amount of earth had been taken outside of the right of way asked, it was held that it was not error for the jury to consider the damages for taking earth, as the claim of appropriation asked to have the damages occasioned by the "construction" of the road assessed, and evidence of such damage was given without objection.

PRACTICE.—The court refused to consider the question whether the court below erred in giving the opening and close to the owner of the land taken, because the action of the court was not assigned as a cause for a new trial.

APPEAL from the *Franklin* Common Pleas.

ELLIOTT, J.—The *Whitewater Valley Railroad Company* instituted these proceedings under the provisions of the general railroad law, for the appropriation of the right of way for its road over a tract of land (which is described) owned by *McClure,* and for the assessment of the damages therefor.   The interest appropriated is the fee simple in the roadway, eighty feet wide and eleven hundred and twenty feet in length, a description of which was filed in the clerk's office of the Court of Common Pleas.   The declaration of appropriation contains a prayer for the appointment of three disinterested freeholders "to appraise and assess the damages occasioned to the defendant herein by reason of the location and construction of said road in, on and across the land aforesaid," and that the title to so much of the land as was described as appropriated for the roadway should be vested in the company in fee simple.   Appraisers were accordingly appointed by the judge of said court, who proceeded to make said appraisement, and returned to said clerk's office a report thereof in writing, whereby they assessed for the land appropriated $200, and for materials taken and used by the company from said land, outside of the bounds of that appropriated for the roadway, in the construction of the road, the sum of $175, making a total of $375.   To this report, *McClure* filed exceptions in six

paragraphs, to each of which a separate demurrer was filed. The court sustained the demurrer to the third paragraph, and overruled those to the others. A motion to strike the remaining paragraphs from the record was also made and overruled. The cause was tried by a jury, who assessed *McClure's* damages at $750. A motion for a new trial was overruled, and judgment rendered on the finding of the jury. The railroad company appeals.

The refusal of the court to sustain the demurrers to the first, second, fourth fifth and sixth exceptions is the first question presented by the appellant. The exceptions state in detail the particular facts alleged to exist in the case, which constitute proper grounds for damages, some of which, it is alleged, were not considered by the appraisers. They deny, in an argumentative form, that the damages assessed by the appraisers are adequate to the injury sustained by the defendant, and might all have been covered by an exception that the damages assessed were too small, but they all contain valid grounds of exception, and we do not think the court erred in overruling the demurrers.

On the trial of the cause, the appellant offered to prove by one *Thomas Johnson*, a witness then on the stand, that *McClure's* farm was worth as much, or more, after the construction of the railroad through it, than it was before the location of said road, which evidence the court rejected, but offered to permit the appellant to prove, if such proof could be made, that the farm was rendered intrinsically more valuable, by means of drainage, or otherwise, by the construction of the railroad through the same. This ruling of the court is also complained of. We think the court did right in rejecting the evidence. The fact proposed to be proved by the witness, if true, would, in its relation to the question involved in the case, be of the most indefinite character. The land might be greatly injured by the construction of the road, and yet its value enhanced by other causes having no connection whatever therewith. The proposed evidence, at most, could only elicit a speculative opinion from the

witness as to the benefits which he supposed resulted to *McClure* by the construction of the road. The statute expressly provides that in estimating the damages in such cases, "no deduction shall be made for any benefit that may be supposed to result to the owner from the contemplated work." It was evidently the intention of the legislature, in enacting this provision, to change the old rule of assessment in such cases, and to require that property taken by these corporations should be paid for, without regard to any benefit or enhanced value of the residue of the owner's property by the facilities afforded by the construction of the road. The fact proposed to be proved, therefore, if true, could have had no legitimate bearing on the case, and hence the evidence was properly rejected.

The next question arises upon the refusal of the court to give certain instructions to the jury, asked by the appellant's counsel. The first and second instructions claim the benefit to the railroad company of any supposed increase in value to the residue of *McClure's* land, resulting from the construction of the railroad. This question has been disposed of in discussing the question of the proposed evidence on the same subject. Besides, there is nothing in the evidence to justify the instructions.

The third and fourth instructions claim that under the article of appropriation filed by the appellant, the value of the land appropriated · constituted the proper measure of damages, and that the jury, in estimating the amount, should not take into consideration the value of any additional fences rendered necessary for the proper inclosure of the land or any other injury resulting therefrom. This, we think, is not a correct view of the law governing the case. The value of the land appropriated, together with any injury to the residue of the land from which it is taken, naturally resulting from the appropriation and the construction of the road thereon, such as cutting the fields into an inconvenient and ill shape, destroying the convenience and advantages of water for stock to a portion of the

farm, and rendering an additional amount of fencing necessary to a safe and proper use thereof, where such results are produced, are all proper matters to be considered in estimating the damages in such cases. The record shows that the road bed through *McClure's* land had been constructed before the commencement of these proceedings, and that a large amount of earth had been taken and used by the company from *McClure's* land, outside of the eighty feet in width appropriated as a road way, and the land from which it was taken, to the amount of near two acres, was thereby stripped of its soil and rendered wet and unfit for cultivation, and the court instructed the jury that they should take into consideration the injury occasioned thereby in estimating the damages. The taking of this earth was not a necessary consequence of locating the road on *McClure's* land, as the roadway might have been constructed of earth procured elsewhere. It was doubtless the most convenient earth that could be procured for the purpose, and was therefore used. The company was liable to pay for it, but the mere appropriation of the eighty feet in width, as the right of way, would not confer on the company the right to take it, and compensation for it would not therefore be a proper element in estimating the damages for the right of way alone. It is not, in terms, included in the claim of appropriation, though it might well have been, as it was taken before the commencement of these proceedings. We think, however, that it may be included under the prayer for the assessment of the damages occasioned by the construction of the road on and across *McClure's* land. It was so understood by the appraisers, and $175 of the damages assessed by them was on account thereof, to which the company made no objection; and so on the final trial before the jury, evidence was given, fully, in relation thereto, without any objection by the appellant. All seem to have considered it a proper matter to be settled in these proceedings, and, in view of all the facts, we think there was no

error in directing the jury to consider it in estimating the damages.

*McClure* was allowed to open and close the evidence and argument to the jury, which is assigned for error. If this was wrong, it was an error occurring at the trial, and should have been, but was not, assigned as a cause for a new trial, and is not, therefore, properly before us.

The judgment is affirmed, with two per cent. damages, and costs.

RAY, J., was absent.

FRAZER, J.—I cannot concur in the foregoing opinion, so far as it sustains the action of the court below in directing the jury to estimate damages for taking materials to construct the appellant's railroad from adjacent lands of the appellee. This was not one of the rights sought to be acquired by the proceedings to condemn, and I am very clear that it was therefore wholly foreign to the inquiry with which the jury was charged in the case.

*H. C. Hanna, G. Holland* and *C. C. Binkley,* for appellant.
*T. B. Adams, W. Morrow* and *F. Berry,* for appellee.