## THE MONTMORENCY GRAVEL ROAD COMPANY *v.* STOCKTON.

APPEAL.—*From Justice of the Peace.—Appeal by each Party.*—Where a cause is appealed from a justice of the peace by each party, only one transcript is necessary, and only one cause should be docketed in the appellate court.

SAME.—If the appeal of each party is not taken at the same time, to complete the transcript, it will only be necessary for the justice of the peace to certify the entry relating to the second appeal and file the appeal bond.

The Montmorency Gravel Road Co. *v.* Stockton.

SAME.—The dismissal of the appeal in such case by the party first appealing will not give him a right to withdraw the transcript.

GRAVEL ROAD.—*Proceeding to Condemn Lands.—Damages.—Instructions.*— In a proceeding to condemn and appropriate lands for the use of a gravel road, where the lands are unimproved, it is not error to instruct the jury that they may consider the value of the land appropriated, together with any injury to the residue naturally resulting from the appropriation and construction of the road, such as cutting fields into an inconvenient shape, destroying the convenience and advantage of water for stock, and rendering additional fencing necessary.

SAME.—The damages are assessed in such cases once for all, and the jury should look to every circumstance resulting from the appropriation, present and future, which affects the present value of the land.

From the Carroll Circuit Court.

*J. A. Stein, S. A. Huff, B. W. Langdon, J. S. Pettit,* and *J. H. Gould,* for appellant.

*L. B. Sims,* for appellee.

DOWNEY, C. J.—The appellant is a corporation organized under the act of May 12th, 1852, on the subject of plank, macadamized, and gravel roads, 1 G. & H. 474, and this was a proceeding commenced before a justice of the peace under the seventh section, to condemn and appropriate land of the appellee for a right of way for the road of the company. Damages were assessed in favor of the appellee before the justice of the peace, and the company on the same day, that is, the 8th of July, 1869, appealed to the circuit court, having filed the necessary appeal bond. The certificate to the transcript of the justice of the peace bears date July 26th, 1869. On that day the appellee herein also filed with the justice an appeal bond and prayed an appeal, which was granted. It appears that the justice made an entry on his docket of the taking of the appeal by the appellee, a separate transcript of which entry he made out and certified at the same date, the 26th of July 1869, and which, together with the transcript of the proceeding down to and including the taking of the appeal by the appellant herein, and the two appeal bonds and other original papers, he filed with the clerk of the circuit court at the same time, that is, the 26th day of July, 1869. The cause, on appeal in

the circuit court, was docketed as one action or proceeding. On the application of the appellee herein, the venue was changed from the Tippecanoe to the White Circuit Court. After several continuances in that court, the venue was again changed, this time on the application of the company, to the Carroll Circuit Court. In this court the company dismissed its appeal and then moved the court for leave to withdraw the original transcript made by the justice of the peace, on which its appeal was based. This motion was overruled by the court. The company then · moved the court to dismiss the appeal of Stockton, the appellee herein, for the reason that the same was not supported by any transcript from the docket of the justice of the peace, issued upon the appeal taken by him on July 26th, 1869. Thereupon, on motion of Stockton, leave was granted him to perfect the transcript made out at the time of his appeal, and after this was done the court overruled the motion of the company to dismiss his appeal. To each of these rulings the company excepted by proper bill of exceptions. Thereupon there was a jury trial, a verdict for the appellee for an increased amount of damages, a motion for a new trial and in arrest of judgment made by the company overruled, and final judgment for the appellee.

It is assigned for error in this court that the circuit court erred in overruling the appellant's motion for leave to withdraw the transcript; in overruling the appellant's motion to dismiss the appeal of the appellee; in permitting the appellee to perfect his transcript; in assuming jurisdiction of the appellee's appeal after appellant's appeal had been dismissed; in overruling appellant's motion for a new trial; in overruling appellant's objection to a judgment being rendered against him; and in overruling the appellant's motion in arrest of judgment.

With reference to the motions to withdraw the transcript, to dismiss the appeal of the appellee, and allowing him to perfect the transcript, etc., we are of the opinion that there was no error in the rulings of the court. It is assumed by

The Montmorency Gravel Road Co. *v.* Stockton.

counsel for the appellant, that when each party appeals, there must be two cases docketed in the appellate court, and that there must be separate transcripts made and filed with each appeal. The statute, under which the appeal in this case from the judgment of the justice of the peace was taken, provides, that either party may appeal "as in other cases." 1 G. & H. 476, sec. 7, proviso. The statute relating to appeals in other cases requires the justice to make out a transcript and transmit the same, together with the bond, "and all other papers in the cause," to the clerk, etc. 2 G. & H. 595, sec. 66. As the original papers must be filed by the justice with the transcript, and as they can not be on file in two places or in two cases at the same time, it would seem to result that there can and should be but one cause docketed in the appellate court, where both parties appeal. Another reason against the position of counsel for the appellant is, that if there should be two cases docketed, there would have to be two trials, one in each case docketed, which might result differently, and thus complicate matters instead of settling them. There was no objection to the course pursued in the circuit court by the appellant in dismissing its own appeal. But we do not perceive how this could affect the appeal of the appellee. Nor do we see the necessity of any further transcript. When another transcript was obtained, it must necessarily be but a copy of the one already on file. The court was not bound to allow the appellant to withdraw the transcript filed by the justice. It seems to us that as the transcript was filed at the same time that the appeal bonds and other papers were filed, it could be regarded as being as much the transcript of one party as the other. When the second appeal was prayed, the justice of the peace made an entry of that fact, and he also made out and certified a transcript of this entry and filed it with the transcript of the former part of the docket entries in the case, and thus the two transcripts made a complete copy of all that was on the docket relating to the case. These transcripts were put on file at the same time with the two bonds

and the other papers in the cause. This, in our opinion, was sufficient for the appeal of both parties without any further transcript.

Several reasons were assigned for a new trial. The one which seems to be relied upon here is that calling in question the correctness of the following instruction given by the court to the jury: "The value of the land appropriated, together with any injury to the residue of the land from which it is taken, naturally resulting from the appropriation and the construction of the road thereon, such as cutting the fields into an inconvenient and ill shape, destroying the conveniences and advantages of water for stock to a portion of the farm, and rendering an additional amount of fencing necessary to a safe and proper use thereof, are all proper matters to be considered in estimating the damages in such cases." This instruction is conceded to be taken from the language of this court in *The Whitewater Valley R. R. Co.* v. *McClure*, 29 Ind. 536. But it is claimed that it was erroneous because not applicable to the case made by the evidence in this action. The evidence being all in the record, the instruction must, of course, be considered with reference to it. The company appropriated sixty feet in width of the land running diagonally through the north part of an eighty-acre tract of the appellee, making a little less than two acres. A county road runs east and west along the north side of the tract. The road of the company cuts off about ten acres in a triangular form between it and the county road. The jury found specially in answer to interrogatories, that the company appropriated two acres, less four rods, worth $88.87½; that Stockton suffered damages in the sum of two hundred dollars, on account of having the ten acres cut off and left in an isolated condition, leaving it in a bad shape; and the further sum of one hundred and two dollars, on account of having the residue of the tract reduced to a bad shape. The general verdict was for the aggregate of these amounts, $390.87½. The whole eighty-acre tract was in timber, and had never been under cultivation. The objection urged against

the instruction is, that "what remained of the land, after deducting the strip taken by the company, was just as fit as it ever had been for all uses it had been put to at any time before; and that access to the tract had been much improved and facilitated by the company's road. Stockton was under no new necessity of fencing on account of that road, for his tract had always stood and still stands open on all sides. • How, under such circumstances, the jury could see two hundred dollars damages to the north end and one hundred and two dollars to the south, surpasses the power of a rational mind to explain."

So far as the instruction relates to fencing rendered necessary by the running of the road of the appellant through the land, it is enough to say that nothing seems to have been allowed by the jury on that account. We do not see any valid objection to the instruction in question, taken in connection with the evidence. The damages are assessed in such cases, once for all, and the jury should look to every circumstance present and future, which affects the present value of the land, resulting from the appropriation. The evidence fully warranted the jury in finding as they did, as to the different items going to make up the aggregate amount of the verdict.

The judgment is affirmed, with ten per cent. damages and costs.