The Baltimore, Pittsburgh and Chicago Railroad Company *v.* Lansing.

---

THE BALTIMORE, PITTSBURGH AND CHICAGO RAILROAD COMPANY *v.* LANSING.

52   229
138   596
52   225
112   319
52   229
149   179
52   229
156   295
52   229
168   218

PRACTICE.—*Exclusion of Evidence.*—*Exception.*—Where, upon the trial of an action, an objection to a question propounded to a witness has been sustained, an exception to the ruling cannot be made available on appeal where it is not shown what was the ground of objection, or that the party asking the question stated to the court what facts he proposed or expected to establish by the answer to the question.

RAILROAD.—*Appropriation of Land.*—*Damages.*—On the trial of a proceeding to condemn land for the track of a railroad, it was not error to instruct the jury that the land-owner was entitled, as damages, to the value of the land actually taken, to which might be added any injury to the residue of the land naturally resulting from the appropriation and the construction and operation of the road thereon, such as cutting the fields into inconvenient and ill shape, and destroying means of communication between different portions of the farm, the company not being required to furnish any crossing other than highway crossings, but being entitled to exclusive possession of the strip taken; and that the jury might consider as damages any additional amount of fencing necessary to a safe and proper use of the defendant's improved farm, or fields already inclosed, as the company was not legally obliged to fence the railway track, except so far as it might choose to do so for the protection of its own interests, the law simply imposing on the company the obligation to pay for animals killed by it on its track where it was not, but might be, securely fenced.

From the Porter Circuit Court.

*T. J. Merrifield, W. Johnston* and *H. Binnamon,* for appellant.

*W. H. Calkins,* for appellee.

BUSKIRK, J.—This was a proceeding under the fifteenth section of the railroad law, 1 G. & H. 509, by the appellant, to condemn land of the appellee for its track.   Appraisers were appointed by the judge of the Porter Circuit Court, as provided by law, who appraised the damages by reason of the appropriation of the right of way of the said railroad to the width of one hundred feet across the appellee's farm, at the sum of seven hundred dollars.   From this appraisement the appellee appealed to the circuit court, where the question of damages was tried by a jury, who returned a verdict for the appellee for one thousand four hundred and forty dollars.

A motion for a new trial was made by the appellant, assigning the following grounds:

1. That the damages are excessive.

2. In refusing to allow James Hampshire, an agent of the railway, to answer the following questions:

" 1.   You may state how many cattle-guards, according to the plans for the construction of the railroad, will be put in, where, and the nature of them.

" 2.   How much of the railroad on the defendant's farm will be constructed on trestle-work, and how high will the trestle-work be from the surface of the ground, and what facilities will be offered for the passage thereunder by cattle, men and teams?

" 3.   State where the proposed trestle-work is to be built, and whether it will make a way for the defendant to pass from one part of his farm to the other, under the said road, free from obstruction.

" 4.   State whether there is any part of the railroad across the defendant's land which will be constructed on embankments so high as to render fences unnecessary.

" 5.   State whether the proposed trestle-work will be of

.such a nature that cattle cannot get upon or across the railroad upon the adjacent lands."

3. Also, for refusing to permit Thomas G. Lytle to answer the following question:

"What would be the damage to the defendant, aside from the land taken for the right of way, providing the said·railroad company furnished the necessary crossings and cattle-guards?" .

4. For error of law occurring at the trial, in giving and refusing to give certain instructions, which are properly ·described.

It is assigned for error, that the court erred in overruling the motion for a new trial.

It is shown by the bill of exceptions that the above questions were asked of the witnesses named, and that counsel for appellee objected, which objection was sustained, and an ·exception taken. The ground of the objection is not shown, nor is it shown that the appellant stated to the court what facts he proposed or expected to establish by the questions asked.

In *Rawles* v. *The State, ex rel. Ford*, decided on the 13th ·of March, 1876,* the following language was used:

"The first, second, fourth, sixth, seventh, eighth, ninth .and tenth reasons stated in the motion for a new trial are based upon the refusal of the court to allow the defendant to .ask certain witnesses particular questions, which are set out in the motion. It is not shown what fact the defendant proposed to prove, or that he proposed to prove any fact. It ·does not appear that anything material would or could have been elicited in answer to the questions. We think this mode of making up the record does not present any question. The party should state, in his offer of evidence, what he proposes to prove, and if not allowed to introduce the proposed ·evidence, should state in the motion for a new trial and in the bill of exceptions, in a general way, the evidence offered.

* A petition for a rehearing has been granted in *Rawles* v. *The State, ex rel. Ford*, not, however, upon the question involved in the language here ·quoted from the opinion. REPORTER.

We are of opinion that to state that he asked or proposed to ask a question, which might or might not bring out material evidence, cannot be regarded as presenting any material question for decision by this court. *Curry* v. *Bratney*, 29 Ind. 195; *Adams* v. *Cosby*, 48 Ind. 153." See, also, *Lewis* v. *Lewis*, 30 Ind. 257.

We are of opinion that the condition of the record is such that we cannot, under the settled rules of practice in this court, pass upon any question arising out of the refusal of the court to permit the above questions to be answered.

Counsel for appellant, in their brief, complain of the action of the court in giving the second and third instructions and refusing to give the sixth instruction asked by appellant. This is regarded as an abandonment of any objection to the giving and refusing to give other instructions which are complained of in the motion for a new trial.

The second and third instructions are as follows:

"2. One item of damage to which the defendant is entitled is the value of the land actually appropriated and taken by the company; and you may add to this any injury to the residue of the land from which it is taken, naturally resulting from the appropriation and construction and operation of the road thereon, such as cutting the fields into an inconvenient and ill shape and destroying means of communication between one portion and another, as the company is under no legal obligation to afford the defendant any crossing other than highway crossings, and is entitled to the exclusive possession of the strip of land over which the right of way has been obtained.

"3. You may also consider as damages any additional amount of fencing necessary to a safe and proper use of the defendant's improved farm, or fields already enclosed, as the law does not impose on the company any obligation to fence their right of way, except so far as they may choose to do so for the protection of their own interests, the law simply imposing on them the obligation to pay for animals killed by

them on their track, where it is not, but might be, securely fenced."

It is settled in this State, that damages may be given for cutting fields into inconvenient shapes, destroying the convenience and advantages of water for stock to a portion of the farm, and rendering an additional amount of fencing necessary to a safe and proper use thereof. *The White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536; *The Montmorency G. R. Co.* v. *Rock*, 41 Ind. 263; *The Montmorency G. R. Co.* v. *Stockton*, 43 Ind. 328; *The City of Logansport* v. *McMillen*, 49 Ind. 493; *The Grand Rapids & Ind. R. R. Co.* v. *Horn*, 41 Ind. 479.

The second and third instructions properly expressed the law, and no error was committed in giving them.

The sixth instruction asked and refused was the opposite of those given, and was correctly refused.

We cannot, under the evidence, reverse the case upon the ground that the damages are excessive.

The judgment is affirmed, with costs.