## The Anderson, Etc., Railroad Company v. Kernodle.

Railroad Company.—*Trespass on Lands in Constructing Road-Bed.*—*Damages.*—*Instructions to Jury.*—Where a railroad company, in the construction of its road-bed, without taking the steps prescribed by law to condemn its right of way, unlawfully enters upon and takes possession of land, and suit is brought by the owner thereof to recover damages for such trespass, the damages assessed should include compensation for the injury inflicted and such punitive damages as are authorized by law, but not the value of the land so used or appropriated; and the jury trying such cause should be so instructed.

Same.—*Title to Land.*—In such an action, no judgment that the court trying such cause is authorized to render will give such railroad company a title to the land so appropriated.

Same.—*Complaint.*—*Demurrer.*—*Injunction.*—In such suit, where the complaint describes the lands so taken, alleges a fee-simple title thereto in the plaintiff, avers specific and lasting injuries to the plaintiff and his real estate, prays damages for the injury so inflicted and asks an injunction, such complaint is good on demurrer.

From the Boone Circuit Court.

*S. Claypool* and *W. H. Ketcham*, for appellant.

Perkins, J.—The appellee filed his complaint, as follows, in the Boone circuit court:

John W. Kernodle complains of the Anderson, Lebanon and St. Louis Railroad Company, and says that he is the owner in fee-simple of outlots thirteen, (13,) fourteen, (14,) fifteen, (15,) sixteen (16) and seventeen, (17,) in Rose, Harris & Longley's addition to the town of Lebanon, in Boone county, and that said railroad company has unlawfully and without right taken possession of

said real estate, and is proceeding to construct along the the south line of the same its railroad, and has appropriated to its use a strip off the south side of said lots, thirty-one feet in breadth and five hundred and seventy feet in length, containing sixteen thousand square feet, of the value of one thousand dollars; that the plaintiff's orchard, barn and dwelling are situated thereon, and that his only way of egress and ingress is through the south side of said lots; that the defendant is now engaged in the construction of said line of railway over said real estate, without taking the necessary steps in such cases made and provided by statute, or acquiring the right in said property, by gift, devise, descent or purchase, or in any other lawful way of acquiring the same; that the defendant is preparing to construct switches on said real estate, and is erecting an embankment of earth along the line of the same, all to plaintiff's damage of two thousand dollars. He prays for an injunction and judgment for his damages.

A demurrer to the complaint was overruled, and exception taken. The appellant, the railroad company, answered in general denial, and that the ground on which it was doing the acts complained of was a public street in said town of Lebanon.

Reply in denial to the second paragraph.

Trial, verdict for the plaintiff, the appellee in this court, for four hundred dollars, motion for a new trial overruled, and judgment on the verdict.

The evidence and instructions are in the record by bill of exceptions. The assignment of errors in this court alleges the occurrence of two, viz., the overruling of the demurrer to the complaint and of the motion for a new trial.

The evidence showed that the railroad company took possession of the land without the consent of the appellee, and without having taken any steps to legally appropriate or condemn it; that it had commenced grading the

track for the road; and the evidence was very uncertain and inconclusive as to whether the land taken was a public street.

The court instructed the jury that,—

" 1.   If the plaintiff has proved that the defendant appropriated a part of his land, he is entitled to recover the value of the land so appropriated, and any damages that may result to the remaining land of the plaintiff by reason of such appropriation, and the construction of the railroad bed upon the same.

" 2.   But if the proof shows that the appropriated ground was a public street, then the plaintiff is not entitled to recover its value, but only such damages as result to his land from the construction of the railroad bed over said street."

The word appropriated, as used throughout the case, does not signify a legal appropriation, but simply a taking possession of for use by the party taking possession.

The first instruction, above given, was excepted to by the railroad company, and the giving of it was one of the grounds on which a new trial was asked.

That instruction was erroneous; the court consequently erred in refusing a new trial, and the judgment, for this error, must be reversed.

We express no opinion touching the correctness of the second instruction.

The first instruction might be correct, as applicable to a state of facts which might exist, but did not in this case.   Where acts, committed in a trespass upon real estate, destroy or render it permanently valueless, the damage is the value destroyed, which, in such case, may be the value of the property.   Field on Damages, 598–599.   *Jones* v. *Gooday*, 8 M. & W. 146, was such a case. We give the material points of it:

"At the trial before TINDAL, C. J., at the last Suffolk Assizes, it appeared that the defendant, in his character of commissioner under a local Paving Act for the town

of Sudbury, had directed a certain ditch to be widened, and in so doing had caused a strip of a field belonging to the plaintiff, adjoining the ditch, to be cut and carried away; * * *. The Lord Chief Justice directed the jury to give such damages as they thought the plaintiff had sustained by the cutting into and carrying away of his land; and the jury found a verdict for the plaintiff,— damages five pounds."

On deciding a motion for a new trial, LORD ABINGER, C. B., said: "I can not at all assent to the principle which has been contended for," [by Mr. Kelly,] "that a person whose land has been cut into, and the soil carried away, is therefore entitled, by way of damages, to the amount which would be required to restore the land to its original condition. All that he is entitled to is to be compensated for the damage he has actually sustained."

ALDERSON, B., said, "I am of the same opinion. The plaintiff is entitled, by way of compensation, to what the land was worth to him. If the principle for which Mr. Kelly contends were to be adopted, it would follow that a party who has let the sea in upon the land of another, the land itself being worth only twenty pounds, would have to pay, by way of damages, the expenses of excluding it again by extensive engineering operations."

"ROLFE, B., concurred."

See *Mueller* v. *The St. Louis, etc., R. R. Co.,* 31 Mo. 262.

But in the case now before this court, the land trespassed upon had not been destroyed, its original condition had been changed but a little, and that, perhaps, not for the worse, and there could be no ground for the instruction given, only upon the theory that the defendant had acquired, or was by the suit acquiring, title to the land trespassed upon.

But the appellant had not acquired and would not by this suit acquire title. It could not do so under the constitution of the state. It could not acquire title except by some legal mode; and by the constitution,

art. 1, sec. 21, no man's property shall be taken by law, *in invitum*, without just compensation first assessed and tendered. This provision of the constitution is conditionally permissive but not self-executing. A statute is necessary, prescribing proceedings for the assessment of compensation, for defining with precision the quantity and boundaries of the land taken in each case, so that the owner may know just what he parts with, and the party taking, the precise limits of his acquisition, and have record evidence of his acquired title. *The Indianapolis, etc., R. W. Co.* v. *Reed*, 52 Ind. 357. And when such a statute is enacted, its provisions must be followed in taking land under it. *Loop* v. *Chamberlain*, 20 Wis., 135. By the *Ad Quod Damnum* act, 2 R. S. 1876, p. 281, a private individual or a corporation may acquire title to property from the owner, *in invitum*, in the cases therein provided for, by proceeding in the manner therein directed. So, property can be thus acquired for the purposes and in the manner specified in the general railroad law, 1 R. S. 1876, p. 696, and in various other acts of incorporation found in the statute books; and when the proceedings required by statute in such cases, severally, have been taken, and the conditions precedent imposed, performed, the title rests in the party acquiring the land, and the record of the proceedings in proper public offices may furnish the evidence of such title, in lieu of a deed of conveyance. *The Indianapolis, etc., R. R. Co.* v. *Smythe*, 45 Ind. 322; *Wright* v. *Pugh*, 16 Ind. 106. But trespass upon the land of another, and a suit for damages by the owner against the trespasser do not constitute one of the modes, known to the law, of transferring title to land, though such suit against a trespassing corporation for damages may be maintained. Cases to the contrary are overruled in *Graham* v. *The Columbus, etc., R. R. Co.*, 27 Ind. 260. In that case, it is said that under our present constitution, which requires prepayment or tender of compensation, where a railroad company enters,

as in the present case, and takes land without previous compensation, the remedy of the owner "is exactly what it would be if the unwarranted taking was not for public use. There can be no difference whatever." *Mahon* v. *The New York, etc., R. R. Co.*, 24 N. Y. 658.

It follows logically, necessarily it seems to.us, that as the railroad company would acquire no title, on the rendition of judgment against it in this suit, to the land, and it has not been destroyed or rendered valueless by the acts of the railroad company, the verdict and judgment in the suit ought not to include its value, but only compensation for such damages to it as the railroad company has perpetrated, increased by such punitive damages as the law might authorize.

We think the complaint good on demurrer. It might have been required to be made more definite and certain in its allegations, on motion. We shall consider no other question in the case. The appellee has filed no brief; and the answers to the questions in relation to the rule of assessments of damages in the case may be affected by the doubtful fact as to whether the land taken is a public street, about which certainty may result on another trial. We have decided the main points relied on by appellant. The following cases, in connection with those already cited, if carefully studied, will safely guide counsel in the conduct of the case in subsequent proceedings:

*Sharpe* v. *The St. Louis, etc., R. W. Co.* 49 Ind. 296; *Cox* v. *The Louisville, etc., R. R. Co.* 48 Ind. 178; *The White Water, etc., R. R. Co.* v. *McClure*, 29 Ind. 536; *Prather* v. *The Jeffersonville, etc., R. R. Co.* 52 Ind. 16; *The Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229; *The Indianapolis, etc., R. W. Co.* v. *Reed*, 52 Ind. 357; *The Indianapolis, etc., R. W. Co.* v. *Smith*, 52 Ind. 428.

Reversed, with costs, and remanded for a new trial.