Filed Nov. 15, 1884.

---

No. 11,166.

INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY *v.* BRITTINGHAM ET AL.

QUIETING TITLE.—*Complaint.*—A complaint to quiet title, which avers that the plaintiff "is the owner in fee simple," etc., is not vitiated by another averment that "the plaintiff, on," etc., "conveyed said premises to" a third person.

Indiana, Bloomington and Western R. W. Co. v. Brittingham *et al.*

SAME.—*Husband and Wife.*—In such action, a husband and wife may join as plaintiffs though the land be owned solely by the wife, and evidence of such ownership will not vitiate a finding for the plaintiffs jointly.

RAILROADS.—*Right of Way.*—*Donation by Guardian.*—*Deed.*—*Statute Construed.*—The statute, R. S. 1881, section 3907, does not authorize the court to empower a guardian to *donate* the right of way for a railroad over his ward's lands, and a deed by the guardian for such right, without the prior approval by the court of *a price* agreed upon by the guardian, is void.

From the Fountain Circuit Court.

*C. W. Fairbanks, L. Nebeker* and *H. H. Dochterman,* for appellant.

*T. F. Davidson* and *C. E. Booe,* for appellees.

COLERICK, C.—This action was brought by the appellees against the appellant to quiet their title to certain real estate in Fountain county, Indiana. The complaint, as amended, consisted of three paragraphs, to which separate demurrers were overruled. An answer of general denial was filed. The issues were tried by the court, resulting, over a motion for a new trial, in the rendition of a judgment in favor of the appellees.

The errors assigned are the rulings of the court upon the demurrers to the several paragraphs of the complaint, and on the motion for a new trial. The record shows that the first and second paragraphs of the complaint were withdrawn before the rendition of the judgment, which was rendered upon the third paragraph alone, and, therefore, no question can be, or has been, presented for our consideration as to the sufficiency of the paragraphs of the complaint that were withdrawn. The third paragraph was as follows:

" Par. 3. The plaintiffs further complaining, by this, their amended complaint, say that they are the owners in fee simple of the southeast quarter of section 31, township 20 north, range 8 west, in said county and State; that the defendant is now in possession of said premises, and for the last twelve years immediately preceding the filing of this complaint, hath been in the continuous possession thereof, claiming title thereto; that on the — day of ———, 1882, the plaintiffs

Martha E. and Benjamin Brittingham conveyed said premises by warranty deed to James L. Allen; that the defendant's claim of title is unjust and unfounded, and is a cloud upon the plaintiffs' title to said premises. Wherefore the plaintiffs pray that their title may be quieted, and for all other just and equitable relief."

The appellant insists that it affirmatively appears by the averments in this paragraph of the complaint that no cause of action existed in favor of the appellees, as it is therein alleged that they, prior to the commencement of the action, conveyed the real estate in controversy to James L. Allen, and it is not averred that he subsequently reconveyed it to them, or that they, in any other manner, re-acquired the title thereto. It is averred that the appellees *are* the owners of the real estate in dispute. This averment relates to the time of the institution of the action, viz., on the 7th day of February, 1883. The averment that the appellees prior to that time, viz., on the — day of ———, 1882, conveyed the property to Allen, is not inconsistent with the averment of ownership by the appellees at the time of the commencement of the action. It may be true, as alleged, that a deed of conveyance·for the property was executed to Allen by the appellees, and equally true that they subsequently re-acquired the title thereto, and, therefore, were, as averred, the owners of the property at the time of the commencement of the action. This disposes of the only objection that has been presented to the complaint. No error was committed in overruling the demurrer.

The only causes assigned in support of the motion for a new trial were that the finding of the court was not sustained by sufficient evidence, and was contrary to law, and that the court erred in excluding certain evidence that was offered by the appellant, which is recited in the motion. It is claimed by the appellant that the evidence, which is in the record, does not support the finding, in this, it was averred in the complaint and found by the court that the appellees were the

owners of the land in dispute, while the evidence shows that the appellant Benjamin Brittingham had no title whatever thereto. But it is shown by the evidence, and this question arises upon the evidence, that the appellees were husband and wife, and, therefore, it was proper for the action to be prosecuted by them jointly. *Martindale* v. *Tibbetts*, 16 Ind. 200; *Bellows* v. *McGinnis*, 17 Ind. 64; *Wright* v. *Wright*, 97 Ind. 444; Pomeroy Rem., section 238. It is a matter of no consequence to the appellant that the judgment was rendered in their favor jointly, instead of the wife alone. *Calderwood* v. *Pyser*, 31 Cal. 333. If it had been rendered in her favor solely, it would have inured to the benefit of her husband, who held, as such husband, a contingent interest in the property.

It is next claimed by the appellant that the court erred in refusing to allow the appellant to introduce in evidence a certain deed executed on the 16th day of January, 1855, by J. J. Henderson, guardian of Martha E. Thompson, now Martha E. Brittingham, one of the appellees, to the New Castle and Danville Railroad Company for a right of way, for the construction and maintenance of its railroad, through the land described in the complaint. It is conceded by appellees that whatever interests or rights the New Castle and Danville Railroad Company acquired, under and by virtue of the deed so offered in evidence, are now legally owned and possessed by the appellant, by purchase and assignment, and that the only part of the land described in the complaint that was in the possession of the appellant, or to which it asserted any title or claim, before and at the time of the commencement of this action, was that described in said deed, and which it occupied and used as a right of way for its railroad. The right of the appellant to the property in dispute depends solely upon the validity of the deed. The record shows that the appellant, before offering the deed, introduced in evidence an entry in the order book of the common pleas court of Fountain county, Indiana, as follows:

"*In the Matter of the Guardianship of Martha E. Thompson.*
. " Comes now the said guardian and files the following pe-
tition :*[h. i.] And the court being fully advised in the prem-
ises order and direct that the said guardian release the right
of way for the quantity of land necessary for the construction
and maintaining said contemplated railroad upon such terms
and conditions as he shall deem most advisable for the interest
of the said Martha E., and that he report his proceedings to
this court." And also first called John J. Henderson as a wit-
ness, who testified as follows: " When the order of court read
in evidence was made, and a year before and several years after,
I was the guardian of the plaintiff Martha E. Brittingham,
then Martha E. Thompson. We were all interested in pro-
curing the construction of the New Castle and Danville Rail-
road. My ward, Martha E. Thompson, was the owner of the
quarter section of land in controversy, and I thought it for
her benefit to *give* the right of way over my ward's land to the
New Castle and Danville Railroad Company. * * * *No
consideration was ever paid for said release,* apart from the cir-
cumstances mentioned." The facts stated by the witness were
not controverted. They are conceded to be true.

The consideration recited in the deed was $1, " and in con-
sideration of the advantages which may result to the public
in general and to myself in particular from the construction
of the New Castle and Danville Railroad." It appears by the
evidence that the petition referred to in the order of the court,
above recited, has been lost, and no satisfactory evidence as
to its contents was given. It was not shown, nor is it claimed
by the appellant, that the deed was ever reported to or ap-
proved by the court, or any other court, or that the guardian
made any report whatever to the court as to the execution by
him of said deed, or the terms upon which it was executed.
In view of these facts, and the evidence above set forth, which
was introduced before the deed was offered, did the court err
in excluding the deed as evidence? Assuming, although
such assumption is unwarranted by the facts, that a petition,

Indiana, Bloomington and Western R. W. Co. *v.* Brittingham *et al.*

in proper form, was presented to the common pleas court of Fountain county, by said guardian, for an order authorizing him, as such guardian, to execute to the New Castle and Danville Railroad Company the release referred to in the order that was afterwards, by reason of said petition, made by said court and entered in its order book, as above set forth, and that the name of the railroad company to whom the release was to be granted was .stated, and the land to be affected thereby was described, the question arises, Did the court possess the power to make such order, and is the deed that was made under and by virtue of it valid? If the court possessed the power to make the order, and the guardian to execute the deed, it was granted by the statutes alone. It is correctly asserted by Mr. Tyler that, "In reference to the real estate of an infant, however, it may be affirmed that the courts have no inherent original jurisdiction to direct the sale of it. The jurisdiction of the court in such cases, rests altogether upon statutory enactment." Tyler Infancy and Cov., section 193. The statute then, and now in force, provides, "The corporation" (referring to a railroad company) "may, by its directors, *purchase* any such lands, materials, right of way, or interest of the owner of such land, or, in case the same is owned by a person insane or an *infant*, at. a *price* to be agreed upon by the parent or regularly constituted guardian of said insane person or infant, *if the same shall be approved by the court* in which the description aforesaid shall be filed; and on such agreement and *approval*, the owner, guardian, or parent, as the case may be, shall convey the said premises, *so purchased*, in fee simple or otherwise, as the parties may agree, to such railroad company; and the deed, when made, shall be deemed valid in law." 1 R. S. 1852, p. 409; R. S. 1881, section 3907. This is the only statute, in this State, which authorizes a guardian to convey to a railroad company a right of way for its railroad over and across the land of his ward, and the only one that empowers the court to authorize a guardian to make such a deed.

The provisions of a statute authorizing a railroad company to condemn lands for its railroad, especially where they affect the land of an infant, should be strictly complied with.  See *Hotchkiss* v. *Auburn, etc., R. R. Co.*, 36 Barb. 600.  Under the provision of the statute above set forth, a guardian has no power, with or without an order of the court, to donate to a railroad company a right of way for its railroad over the land of his ward, as was done in this case.   The statute expressly provides for a purchase by the company of such right of way, "at a price to be agreed upon," which clearly contemplates the payment by the company to the guardian, for his ward, of a money, or other valuable, consideration therefor, and not supposed benefits that will flow to the land by the construction of the railroad.  It is only when the agreement, referred to in the statute, fixing the price agreed upon for such right of way, has been submitted to and approved by the court, that the guardian has the right or power to make a deed therefor to the company.  The court possesses no power to divest itself of its duty, imposed by the statute, to examine and approve, if proper, the agreement of the guardian with the company, fixing the price to be paid for such right of way ; nor can the court make an order, in advance of such agreement, by which such supervisory power and approval by the court shall be dispensed with.  To sanction this we must ignore, which we would not be justified in doing, the plain provisions of the statute, and thereby invest a guardian with powers not conferred upon him.  The court had no authority to authorize the guardian to convey his ward's estate " upon such terms and conditions as he shall deem most advisable," and thus delegate to the guardian the power with which the court alone was clothed.  In this case the agreement fixing the price for the right of way over the land of the infant was not submitted to the court for its approval, and hence was never approved by the court.  Its approval by the court was essential and absolutely necessary to give validity to the deed.  In the absence of such approval, the guardian possessed no power to

make the deed, and therefore it is void, and for that reason it was properly excluded by the court as evidence.

The facts upon which the appellant relied to establish an estoppel against the appellees were insufficient for that purpose. No error was committed by the court in overruling the motion for a new trial, and as there is no error in the record, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Nov. 19, 1884.