Indiana, Bloomington and Western Railway Company v. Allen.

No. 11,503.

## INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. ALLEN.

RAILROADS.—*Right of Way.*—*Measure of Damages.*—The damages for taking the right of way for a railroad upon condemnation are measured by the value of the land taken and any injury to the rest of the tract through which it extends.

SAME.—*Condemnation.*—*Notice.*—*Practice.*—Filing exceptions to the inquest in proceedings to assess damages for right of way taken by a railroad company is a waiver of notice.

SAME.—*Construction of Statute.*—*Sheriff.*—*Jury.*—In such proceedings, under sections 887 and 925, R. S. 1881, the requirement that the sheriff shall charge the jury is merely directory, and its omission does not affect the proceedings.

SAME.—*Damages.*—*When and to Whom They Accrue.*—When a railroad takes possession and builds its road upon the lands of another without appropriation or condemnation, as the statute provides, the damages then accrue to the owner, and a subsequent conveyance of the whole tract gives the grantee no right to any damages.

SAME.—*Guardian and Ward.*—A guardian can not grant to a railroad company a right of way upon lands of his infant ward.

From the Fountain Circuit Court.

*C. W. Fairbanks, L. Nebeker* and *H. H. Dochterman,* for appellant.

*T. F. Davidson,* for appellee.

BICKNELL, C. C.—This was an application by the appellee, as owner of land, for a writ of assessment of damages under section 909, R. S. 1881.

The application was a complaint alleging the plaintiff's ownership of the southeast ¼ of section 31, of town. 20 north, of range 8 west, and the appropriation of a part thereof by the defendant, describing that part by metes and bounds, the same being a strip 100 feet wide extending from east to west across the whole quarter section, alleging that the defendant had built thereon its main track and a side track, claiming authority therefor under the railroad act of May 11th, 1852, but had never filed an instrument of appropriation, nor in-

stituted any assessment proceedings, and that no damages for the taking of said strip of land had ever been assessed, or paid, or tendered. The complaint demanded a writ to assess the value of the strip taken, and the damages to the residue of said quarter section.

The court issued the writ in accordance with sections 886, 887, 907, 908 and 909, R. S. 1881. The writ and assessment were duly returned. The return showed a meeting of the jurors at the time and place appointed; that the parties were duly notified thereof; that the jurors were then and there duly empanelled and sworn, and then and there assessed the damages of the applicant at $880, to wit, $280 as the value of the strip taken, and $600 as damages for the injury to the residue of said quarter section.

Section 896, R. S. 1881, provides that the defendant "may appear and traverse any material fact therein stated in the inquest, or he may plead or show any valid matter in bar of the right of the plaintiff to have the benefit of such writ; and issues of law and of fact may be made up and tried, * * * and proceedings had as in other actions." See *Marion, etc., R. R. Co.* v. *Ward*, 9 Ind. 123; *Indianapolis, etc., R. R. Co.* v. *Newsom*, 54 Ind. 121; *Church* v. *Grand Rapids, etc., R. R. Co.*, 70 Ind. 160. There was no demurrer to the application.

The defendant filed a writing of which the first two paragraphs were answers to the complaint, and the last five paragraphs were exceptions to the assessment, and were numbered 3, 4, 5, 6 and 7.

The first paragraph of answer was struck out on the plaintiff's motion; a motion to strike out the second paragraph of answer was overruled. A motion by the plaintiff to strike out all of the defendant's exceptions to the assessment was overruled.

The plaintiff also excepted to the assessment, and a demurrer to his exceptions was sustained. Defendant's exceptions to the assessment numbered 4, 5, 6 and 7 were overruled by the court.

Indiana, Bloomington and Western Railway Company v. Allen.

The plaintiff replied to the second paragraph of the defendant's answer in two paragraphs, of which the first was a general denial. He also filed a denial of the defendant's exception to the assessment numbered 3.

The defendant moved to strike out the second paragraph of the reply, and he also moved to strike out a part of said second paragraph of reply, and these motions were overruled.

The matter was submitted to the court for trial on the complaint, the writ, the assessment, the second paragraph of answer, the defendant's exception to the assessment numbered 3, and the plaintiff's denial thereof, and the plaintiff's reply to said second paragraph of answer.

The court found for the plaintiff. The defendant moved for a new trial for the following reasons :

1 and 2. Excessive damages.

3 and 4. That the finding is not sustained by and is contrary to the evidence.

5. Error in the admission of evidence, to wit, a deed from the plaintiff to Bartlett Fields for all of said quarter section except the strip taken by the defendant.

The motion for a new trial was overruled. Judgment was rendered for the plaintiff for the amount of the assessment and costs. The defendant appealed.

There are fourteen specifications of error, but the second, third and fourth are not proper assignments of error; they belong to the reasons for a new trial. The fourteenth specification is not available, because the alleged action of the court therein asserted is not shown in the record. The remaining specifications of error are as follows:

1. Overruling the motion for a new trial.

5. The complaint does not state facts sufficient, etc.

6. Striking out the first paragraph of the answer.

7, 8, 9, 10 and 11. Overruling the defendant's exceptions to the assessment numbered 4, 5, 6 and 7.

12. Overruling the motion to strike out the second paragraph of the reply.

13. Overruling the motion to strike out a part of second paragraph of the reply.

There was no error in overruling the defendant's exceptions to the assessment numbered 4, 5, 6 and 7. Exceptions 4 and 5 allege that the defendant was not properly notified of the assessment.

The sheriff's return shows that the defendant was served with a sufficient notice of the time and place and purpose of the assessment, to wit: "To assess the damages sustained by James L. Allen, the plaintiff in the above entitled cause, by reason of the taking by the defendant in said cause, the Indiana, Bloomington and Western Railway Company, of the following described premises," to wit: Then follows a description of the strip of land taken by metes and bounds, the same as that given in the complaint. A copy of the notice is annexed to the return.

The damages for taking such a strip of land across a quarter section embrace the value of the strip and any injury to the residue of the quarter section naturally resulting from such taking. *White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536; *Montmorency G. R. Co.* v. *Stockton*, 43 Ind. 328; *Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229. And see as to the sufficiency of notice as shown by a return: *Colerick* v. *Hooper*, 3 Ind. 316; *Holsinger* v. *Dunham*, 11 Ind. 346. In *Swinney* v. *Fort Wayne, etc., R. R. Co.*, 59 Ind. 205, 219, it was held that a party, by appearing and filing exceptions to an assessment, waives any objection to the service of the notice.

The sixth exception to the assessment alleges that the sheriff did not charge the jury as required by sections 887 and 908, R. S. 1881. We think the provision requiring the sheriff to charge his jury as to their duty must be regarded as merely directory. Potter Dwarris Stat. 222. There was, therefore, no error in overruling the sixth exception.

The seventh exception is that the jury did not take and subscribe an oath as required by law. Section 911, R. S.

1881, provides that the sheriff shall administer the proper oaths to jurors. Section 887, R. S. 1881, shows that the jury is to be empanelled and sworn. The sheriff's return shows that the jurors took and subscribed the oath thereto attached; the oath and the signatures of the jurors thereto affixed are annexed to the return. The jurors severally swear that they will to the best of their ability assess the damages sustained by the plaintiff from the taking by the defendant of the land described in the application and writ, and will assess at their true cash value the land so taken and the damages sustained by reason of said taking. There was, therefore, no error in overruling the seventh exception to the assessment.

The controlling question, presented in several ways by the other specifications of error, so far as they are discussed in the appellant's brief, is the question whether, under the facts proved and agreed upon in this case, the appellee was entitled to any damages either for the value of the strip taken, or for the consequential injury to the residue of the quarter section. The facts as agreed upon in the court below are as follows: In 1855, Martha E. Brittingham, then Martha E. Thompson, owned said quarter section and continued to own and possess it until August, 1882. In 1869 the strip of land aforesaid was taken by the Indiana, Crawfordsville and Danville Railroad Company, who in that year built the same railroad thereon now operated by the appellant, and said road was constructed and operated with the knowledge of said Martha E. Brittingham and without objection from her, and has been operated daily ever since its construction by the appellant and its predecessors in ownership, said defendant having succeeded to all the rights and ownership of its predecessors. In August, 1882, Martha E. Brittingham and her husband conveyed to the plaintiff by warranty deed the whole of said quarter section, and this deed is the appellee's only source of title. The plaintiff and his wife on May 1st, 1883, conveyed to Bartlett M. Fields by

warranty deed all of said quarter section except the strip of land aforesaid, and Fields is now, and ever since said conveyance has been, in possession of all of said quarter section except said strip. The plaintiff has never owned any land adjoining said quarter section. The sheriff's jury allowed the plaintiff $600 for injury to said quarter section outside of said strip, and $280 for the value of said strip, which was its true value.

The foregoing was all the evidence in the cause, except that the plaintiff was permitted, over the objections of the defendant, to give in evidence the deed aforesaid from himself and wife to Bartlett Fields for all of said quarter section except said strip. In this deed the grantors reserved "all right of action of every kind and nature against the Indiana, Bloomington and Western Railway Company, or its predecessors, and all right to prosecute proceedings for the assessment of damages for the taking and occupancy of said premises, or any part thereof, by said company, for the use of its railroad, and the right to all damages done to said premises by reason of such taking and occupancy."

Upon this testimony, we think it appears clearly that the appellee was not entitled to any damages for the strip of land taken or for the injury done to the remainder of the quarter section. When he bought the quarter section, the railroad was upon it; it is fair to presume that the existence of such an incumbrance affected the price paid.

When the strip of land was taken, the quarter section belonged to Martha E. Brittingham; the right to recover all the damages then belonged to her; that right was a chose in action; it did not pass to appellee by the warranty deed from Mrs. Brittingham and her husband. No assignment is alleged, and the rule is that damages to land remaining uncollected do not pass to a vendee. *Church* v. *Grand Rapids, etc., R. R. Co., supra.* " The right to the compensation accrues and takes effect at the time of the taking, though it may be ascertained and declared afterwards. It belongs, therefore, to

the person who is the owner at the time of the taking, and does not, without an express stipulation, pass to a purchaser by a subsequent conveyance, although containing covenants of warranty." Pierce R. R. 185.

Under the foregoing authorities, the finding was not sustained by the evidence, and was contrary to law. The appellee was not entitled to any of the damages claimed.

The appellant's objection to the admission in evidence of the deed from the appellee to Bartlett Fields ought to have been sustained; that deed did not, in any respect, tend to sustain the cause of action stated in the complaint; the appellee had no right of action for damages to reserve.

There was no error in striking out the first paragraph of the appellant's answer. In that paragraph, the appellant relied on a grant of the right of way by a guardian of Mrs. Brittingham while she was a minor. The guardian had no authority to make such a grant. *Indiana, etc., R. W. Co.* v. *Brittingham*, 98 Ind. 294.

The twelfth and thirteenth specifications of the appellant's assignment of errors are not available. *House* v. *McKinney*, 54 Ind. 240; *Losey* v. *Bond*, 94 Ind. 67.

The appellee's cross errors charge error in sustaining the appellant's demurrers to the appellee's exceptions to the assessment numbered 2 and 3, and in overruling the appellee's motion to strike out the second paragraph of the appellant's answer. It is not an available error to overrule a motion to strike out a pleading.

The appellee's exceptions to the assessment allege that the jury did not allow the appellee anything for the value of the iron and cross-ties on said strip of land, which are of the value of $10,000.

The appellee's claim seems to be that when a railroad company takes a strip of land, and with the knowledge of the owner, and without his objection, builds thereon a railroad, afterwards, when, under the statute, damages are claimed for the appropriation of the land, the company having a right by

law to take the land on making proper compensation, the jury in assessing such damages must add thereto the value of the company's rails and cross-ties laid down upon the strip of land taken. Such a claim can not be sustained.

We have considered all the matters discussed by the parties. The judgment ought to be reversed for the error of the court in overruling the appellant's motion for a new trial.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed Feb. 14, 1885.