G., C. & S. F. R'y Co. v. LONDON & STONER.

(No. 2814.)

APPEAL from Cooke County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

DAVIS & GARNETT, counsel for appellant.

JOHN T. LEWIS, C. L. POTTER and STUART, BAILEY & HARRIS, counsel for appellees.

**§ 426.** *Railroad company not bound to erect fences or cattle-guards, when; case stated.* This action was brought by appellees against appellant to recover $944 damages sustained by them by reason of appellant's failure to protect their crops from the depredation of stock by placing cattle-guards, etc., where its railroad entered their inclosed land. They recovered judgment for $500 and costs.

London & Stoner owned in the southern part of Gainesville a lot two hundred and sixty-two feet north and south by nine hundred and sixty-four feet east and west, situated one hundred and thirty-six yards east of Lindsay street, one of the principal thoroughfares of Gainesville. Mrs. McCubbin, H. S. Holman, John T. Lewis, Wm. Worthington and J. T. Harris owned lots fronting on Lindsay street and running back east one hundred and thirty-six yards, some of these lots being directly west of the land of London & Stoner. There was no fence on London & Stoner's west, east or north lines, but there was a fence on their south line, and from their southwest corner the fence continued west to Lindsay street; and from there north for a distance of about a quarter of a mile there was a continuous fence on the east of Lindsay street belonging to the owners of the lots fronting thereon, and from that point a fence ran east on J. G. Moss' north line about half a mile, and south about a quarter of a mile, and west to London & Stoner's southwest corner. London & Stoner had no interest in any fence except that on their south line, but claimed through J. G. Moss, who had once owned all of the lands in the bounds above described, and London & Stoner had purchased while the land was so inclosed. The fences on Lindsay street were picket and iron fences, built by the respective owners of the lots, and the fence on the south, extending from Lindsay street to Moss' southeast corner, was built by Moss when he was the owner of the whole of said land.

London & Stoner had no interest in the lands on Lind-

say street or on the north, west or east of their land, and no interest in the south fence except that portion which stood on their own south line.

The appellant located its road-bed sixteen feet west of London & Stoner's land, and thereupon the lot-owners fronting on Lindsay street deeded to appellant a strip sixty-four feet wide off of the east end of their respective tracts for right-of-way purposes, and London & Stoner, for the same purpose, in consideration of $300, deeded thirty-six feet off of the west end of their tract, and appellant thus became the owner of a right of way of the width of one hundred feet, in the center of which it constructed its road-bed.

The owners of the lots abutting on Lindsay street, as soon as they had conveyed to the railroad, fenced on the west line of the right of way, leaving the right of way open, and some of them built houses on the east portions of their lots fronting the right of way. The road-bed was built in the center of the right of way and no cattle-guards were constructed. While the road was being constructed, and for many months thereafter, London & Stoner neglected to fence their land, but left the west side open and exposed, and cattle strayed upon it from the right of way and caused the damage complained of. London & Stoner could have fenced and protected their land at a cost of $4, but, knowing that stock would stray thereon, neglected to do so, and thereby by their negligence contributed to said damages.

*Held:* When a railroad passes through a field or inclosure the statute imposes upon the railroad company the duty of placing sufficient cattle-guards or stops at the points where the road enters the inclosure, and a failure to discharge such duty renders the company liable to a party injured by such failure for resulting damages. [R. S. arts. 4240–4244.] In cases where the statute is applicable it would seem to admit of no doubt that the company would be required to replace such portions of a fence as had been removed by it in the construction of

its road, in addition to placing cattle-guards and stops. In this case, however, the statute is not applicable. The sixty-four feet of fence removed by appellant did not belong to appellees, but to other parties, and were used by appellees at the sufferance of such other parties and as a gratuity merely, and were upon the right of way which the land-owners had conveyed to appellant. A landowner, a portion of whose land is taken for public use, cannot have his damages increased on account of a gratuitous privilege which he has been enjoying by the sufferance of another. [Hatch v. R. R. Co. 18 Ohio St. 93; 3 Sutherland on Dam. 442.] That portion of the fence in the right of way for sixty-six feet, and to which appellees' fence had been theretofore connected, belonged to other persons, and appellees' connection therewith was at the sufferance of said owners. Appellees had no interest in that particular portion of the fence and could not have compelled the owners thereof to maintain the same. The connection enjoyed by them was merely a gratuity determinable at the will of said owners, and which terminated when they conveyed to appellant the right of way. Appellant was under no legal obligation to appellees to replace said fence. As to the fence on appellees' land, it was on the right of way and passed to appellant with the right of way. It must have been taken into account in estimating the compensation paid appellees for the right of way. It is well settled that when a part of a tract of land is condemned for public use in such manner that the severance necessitates any new expenditure to protect or maintain the ordinary use of the residue, then such expenditure constitutes a portion of the damages to which the owner will be entitled. The owner may recover the amount so expended or required to be expended on the ground that the value of his premises is diminished accordingly. [Jones v. R. R. Co. 68 Ill. 380; R. R. Co. v. Lansing, 52 Ind. 229; R. R. Co. v. Waldron, 11 Minn. 515; R. R. Co. v. Bonnell, 81 Pa. St. 427.] Under the circumstances of this case ap-

pellant was under no legal obligation to inclose appellees' land, or to replace the fences moved by it.

December 12, 1888.         Reversed and remanded.