CHICAGO, INDIANA AND EASTERN RAILWAY COMPANY
v. WEEKS.

[No. 3,761.   Filed May 28, 1901.   Rehearing denied October 22, 1901.]

APPEAL.—*Motion for Change of Venue.—Review.*—The overruling of a motion for a change of venue will not be reviewed on appeal, where a new trial was not asked on that ground.  *p. 439.*

SAME.—*Motion for New Venire.—New Trial.—Review.*—The refusal of a jury other than the regular panel is not ground for an independent assignment of error, and must be presented as a cause for a new trial. *p. 439.*

TRIAL.—*Verdict.—Sufficiency.*—In a proceeding to condemn a right of way for a railroad, a verdict that defendant "will sustain damages in the sum of $150 by reason of the appropriation of his land as prayed for in the petition by the plaintiff, and we assess as his damages that he recover the said sum of $225," is sufficient to serve as the foundation of a judgment for $375, and a judgment for that amount will not be disturbed on appeal, where the record shows merely an exception to the judgment, without showing that any grounds of objection were urged upon the trial court.  *p. 440.*

From Grant Circuit Court; *J. L. Custer,* Special Judge.

Action by Chicago, Indiana & Eastern Railway Company against Thomas C. Weeks to appropriate land for a right of way.   From a judgment assessing defendant damages, plaintiff appeals.   *Affirmed.*

*A. E. Steele* and *J. A. Kersey,* for appellant.

*R. T. St. John, W. H. Charles, G. A. Henry* and *P. H. Elliott,* for appellee.

BLACK, C. J.—This was a proceeding instituted by the appellant under §5160 Burns 1901, §3907 Horner 1897, for the appropriation of land for a right of way for the

appellant's railroad through land of the appellee in Grant county. The appellee, seeking a review by the circuit court of the award of the arbitrators, assessing his damages at $325, filed his written exceptions thereto. The appellant's motion for a change of venue from the county was overruled. The court also overruled the appellant's motion for a new *venire* and to have a jury regularly drawn for the trial of this cause, instead of the regular panel of jurors then in attendance upon the court. The cause was submitted for trial to a jury, and upon the verdict returned the court, upon the appellee's motion, rendered judgment in his favor for $375, to which the appellant excepted.

There does not appear to have been a motion for a new trial. The appellant by the first three specifications in its assignment of errors seeks a review of the action of the court in overruling its motion for a change of venue from the county. For the presentation of that ruling for examination here, it should have been made a cause in a motion for a new trial, and the action of the court upon the motion for a new trial should have been assigned as error. In *Chicago, etc., R. Co. v. Curless, ante, 306,* this question is decided, with citation of authorities.

The appellant in its fourth specification assigns that the court erred in overruling its motion for a new *venire.* The reason assigned in this motion was in effect an objection to the regular panel because a case similar in some respects and different in others between the appellant and a person not a party to this proceeding had been tried before that jury. The record shows that the case at bar was submitted for trial to a jury, the names of the jurors being set out, but whether they comprised the regular panel or not is not stated. We need not state the reason assigned more fully, or discuss its merits; for if the court erred in refusing to comply with the appellant's demand for a jury other than the regular panel, the error would be a cause for a new trial, and would not furnish ground for an independent assignment of error.

It is assigned as the fifth and last specification, that the court erred in sustaining the appellee's motion for judgment for $375. The verdict, signed by the foreman, was in form as follows: "We, the jury, find that the defendant, Thomas C. Weeks, will sustain damages in the sum of $150, by reason of the appropriation of his land as prayed for in the petition by the plaintiff, and we assess as his damages that he recover the said sum of $225."

The appellee, with his motion for judgment, submitted affidavits of five of the jurors, one having the name of the foreman, who signed the verdict, to the effect that by their verdict the jury intended to find that the value of the land appropriated was $150, and to assess as additional damages $225, making the total damages $375. The action of the court is shown in the record as follows: "Come the parties and now upon motion of the defendant and the affidavits of jurors heretofore filed in support thereof, the court renders judgment upon the verdict of the jury for $375, to which the plaintiff excepts."

In a proceeding for the condemnation for a right of way for a railroad company of a portion of the land of another, the damages properly assessable to the landowner are measured by the value of the land appropriated and any injury to the residue of his land naturally or reasonably resulting from the appropriation for such a purpose, and not arising from negligence, unskilfulness or wrongful conduct of the appropriating company. *Indiana, etc., R. Co.* v. *Allen,* 100 Ind. 409; *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213.

In the assessment of damages which the arbitrators are, under the statute, to return to the clerk of the court, it is required that they shall set forth "the value of the property taken or injury done to the property which they assess to the owner, or owners separately." Whatever instructions were given to the jury are not in the record.

A verdict unless so uncertain or ambiguous that no judgment can be rendered upon it may be made to serve by the

court; and if the intention of the jury conformable to the law may be gathered from the language of the verdict, it will not be set aside because of verbal imperfection.

Where the verdict is regarded as so uncertain or ambiguous that a judgment can not be rendered upon it, the proper remedy is by motion for a *venire de novo.*

In the brief of counsel for the appellant it is said that "the verdict, being for $225, would justify a judgment for that amount"; but it does not appear from the record that any such suggestion was made to the trial court. The appellant merely excepted to the rendition of judgment for $375 upon the motion of the appellee and the accompanying affidavits of jurors; and no motion was made for the rendition of a different judgment or for the modification of the judgment which was rendered, though it is here admitted that a judgment for some amount in favor of the appellee would be proper. The record, in effect, shows an exception to the judgment without showing that any grounds of objection thereto were urged upon the court.

Without regard to the affidavits of the jurors, as to which we need not express an opinion, we think it was not reversible error for the court under whose supervision the cause was tried to make the verdict serve as the foundation of the judgment which was rendered.

Judgment affirmed.