Filed December 30, 1892.

---

No. 575.

## Norris et al. v. Scott.

APPEAL.—*Practice.*—*Question on Appeal.*—*How Property Presented—Bill of Exceptions.*—*Brief.*—Before a question is properly presented on appeal to this court, the matter relied upon as establishing the error must appear in the bill of exceptions and be discussed by counsel in his brief.

PRACTICE.—*Premature Action.*—*Plea in Abatement.*—*When Proper.*—*Plea in Bar.*—When an action is prematurely brought, and the fact does not appear on the face of the pleading, the proper remedy is by a plea in abatement, and such matter can not be effective as a plea in bar.

REFORMATION OF INSTRUMENT.—*Equity.*—*Promissory Note.*—*Mistake in Date.*—*Cross-complaint.*—Where a note, by mutual mistake, is made payable earlier than the parties intended, such note, upon a proper showing, will be reformed so as to conform to the mutual intent, and such action to reform need not be a separate one, but may be in the nature of a cross-complaint.

PLEADING.—*Fraud.*—*Necessary Allegations.*—*Signing Contract in Ignorance of Contents.*—*Effect.*—Where fraud is relied upon, the facts constituting it must be pleaded and must appear to be such as are calculated to deceive, and if a party signs a contract in ignorance of its contents, he can not avoid the contract because of that fact.

EQUITY.—*Action to Cancel Notes.*—*Failure to Offer to Do Equity.*—Where a party in his cross-complaint demands that certain notes be delivered up and canceled because fraudulently executed, but makes no offer to repay the benefit derived therefrom, he has not placed himself in a position to obtain the relief demanded:

From the Union Circuit Court.

*T. D. Evans,* for appellants.

*L. H. Stanford,* for appellee.

REINHARD, C. J.—This was an action on a promissory note. The appellants, who were the defendants below and the makers of the note, answered in abatement, averring that the note declared upon was not due; that it was intended by the parties to make the note payable March 1, 1892, but by mutual mistake of the parties it was made to become due February 1, 1891.

Upon issue joined upon this answer the matter arising upon the same was submitted for trial to the court, resulting in a finding and judgment against the appellants and requiring them to plead over. Thereupon the appellants filed a motion for a new trial, upon the grounds that the finding and judgment were not sustained by sufficient evidence and were contrary to law. The evidence upon this issue is not made a part of the record by bill of exceptions, and appellant's counsel have not seen proper to point out in what particular the court erred in overruling the motion. The point is, therefore, waived, and no question is presented for our consideration upon the plea in abatement.

The appellants filed an answer in six paragraphs. The first is the general denial. Demurrers were filed to the second, third, fourth, fifth and sixth paragraphs, and sustained. There was also another paragraph, called a cross-complaint, to which a demurrer was likewise sustained.

The note in suit was given with two others for a lease upon certain farm land. By these various para-

*Norris et al. v. Scott.*

graphs, it is attempted, in different forms, to raise again the question of the maturity of the note. Averments are also inserted charging fraud in the procurement of the notes in the form in which they were given, but the particular acts of fraud, and how the appellants came to execute the notes without reading them over or having them read, are not given. In the so-called counter claim and cross-complaint it is asked that the notes not yet due be surrendered in court and canceled, but no offer is made to give new notes or to compensate the appellee for the rent of the land for which they were given.

None of these paragraphs were sufficient, and the court did right in sustaining the demurrers to them. The gist of each paragraph was the alleged immaturity of the note. This, however, was matter in abatement and not in bar. The appellants, if they were not satisfied with the finding of the court upon that issue, should have properly saved the question and presented it here in proper form. They could not properly raise the same question again by pleading it in bar of the action. In some cases, where the fact that the action has been prematurely brought appears upon the face of the complaint, the remedy is by demurrer, but where extrinsic matter is relied upon to make such fact appear, it is necessary to plead the same in abatement. If such matter is pleaded in bar, the plea may be stricken out or held bad on demurrer. *Moore* v. *Sargent,* 112 Ind. 484; *Glidden* v. *Henry,* 104 Ind. 278.

Doubtless a note, by mutual mistake, made payable earlier than intended by the parties may be reformed so as to conform to the real contract, and where a court of equity is asked to make such reformation, it will be done when the facts justify such action. Under our system, the action to reform need not be brought separately, but may be in the nature of a cross-action, and where the instrument, if thus reformed, would appear not to be due, such facts may be pleaded in one paragraph in abatement

of the action.   But there can be no cross-action to reform so as to show that the action was prematurely brought, and then such fact be pleaded in bar.

 The averments of fraud in the procuring of the note in its present form, as we have already intimated, are insufficient in any event.   Where fraud is relied upon, the facts constituting it must be pleaded, and must appear to be such as are calculated to deceive.   If a person signs a contract without informing himself of the contents before signing, or taking the necessary precaution to learn such contents, he can not avoid the contract because of his ignorance of the same.   *Keller* v. *Equitable, etc., Ins. Co.,* 28 Ind. 170; *Wray* v. *Wray,* 32 Ind. 126; *Robinson* v. *Glass,* 94 Ind. 211; *Cross* v. *Herr,* 96 Ind. 96.

 As to the question of cancellation raised by the counter claim and cross-complaint, it could hardly be considered seriously that the court should make a decree of the kind asked for without an offer to execute other notes of equal solvency, or in some way placing the appellee *in statu quo.* Nothing is better settled than the rule that he who asks equity must do equity.   The appellants having received the benefit of appellee's lease could not be heard to say that the notes given in consideration thereof should be destroyed without giving equivalent value for the lease. Hence, if the fraud attempted to be pleaded were any defense to the action, or would otherwise entitle the appellant to relief, he has not placed himself in a position to take advantage of it.   However, it is quite apparent, as has already been observed, that the gist of each of the paragraphs to which the demurrer was sustained was the immaturity of the note sued upon, which is purely matter in abatement, and can not be changed into matter in bar by showing that the note was made payable earlier than it was intended to be by the fraudulent acts of the appellee.

 Judgment affirmed.

Filed October 26, 1892.

Norris *et al. v.* Scott.

## ON PETITION FOR A REHEARING.

REINHARD, J.—Counsel for appellee has filed a petition for rehearing in this cause. In his brief he urges but one ground in support of the motion. He affirms that, since the decision in this cause, we have reversed the ruling by a contrary decision in the case of *Scott* v. *Norris*, 6 Ind. App. 102, S. C. 32 N. E. Rep. 332.

In the case at bar, we held that the immaturity of the note sued upon could only be raised by a plea in abatement. Counsel thinks that in the case cited the ruling was that the question must be presented by an answer in bar. Counsel is in error in so supposing. In the case last mentioned there was a plea in abatement, but, as it was based upon a cross action to reform the note, we held that the plea was insufficient for a failure to ask for a reformation of the instrument. There is no conflict in the two cases. Nothing was farther from our minds than the intention of declaring that the question here in issue must be raised by an answer in bar. Counsel evidently confuses such an answer with a cross action in the nature of a bill to reform, upon which the matter in abatement in this cause was predicated. We still adhere to the rule declared in the principal opinion, and it is no wise infringed upon in *Scott* v. *Norris*, *supra*, that in a case like this, if the prematurity of the action is relied upon, it must be pleaded by an answer in abatement, and, we may add, if this can be made apparent only by facts involving a reformation of the note sued upon, the answer must contain a prayer for reformation.

Petition overruled.

Filed December 30, 1892.