The City of Fort Wayne *v.* Hamilton *et al.*

No. 15,855.

THE CITY OF FORT WAYNE *v.* HAMILTON ET AL.

MUNICIPAL CORPORATION.— *Wrongful Appropriation of Land for Streets.— Liability for Tort.*—Where a city wrongfully took possession of the plaintiff's land and permanently appropriated and used it for a street, it is liable as a tort-feasor for taking possession of private property without complying with the charter under which it is incorporated.

SAME.—*Permanent Injury.— Measure of Damages.— Mode of Computing.*— Where the injury complained of is permanent, and the complaint recognizes the right of the defendant to continue in the use of the property wrongfully appropriated, and to succeed to the plaintiff's title to the property, damages may be assessed upon the basis of its value. In arriving at the amount of damages, it was proper for the jury to deduct the value of the property with the improvement from its value without the improvement.

SAME.—*Loss of Benefits.*—If the city lost the benefit of having the benefits to other land-holders on account of the opening of the street assessed against them, it was the result of its own failure to proceed according to law, and in no way chargeable to plaintiffs.

SAME.—*Statute of Limitations.— Other Action Pending.*—Where the regularity of the proceedings for condemnation, as well as the amount of the damages, was involved in an appeal to the circuit court and the present action for injuries was instituted within two years after the termination of said action, it was instituted in season, as the plaintiffs could not have instituted their suit for injuries until the termination of the other action. A cause of action can not be said to have accrued until such time as the plaintiff can legally institute his action for relief.

PRACTICE.—*Paragraph of Answer.— Striking Out.— Evidence Admissible Under General Denial.— Presumption.*—Where a paragraph of answer is stricken out and the evidence admissible under said paragraph was admissible under the general-denial on file, it will be presumed that this was the ground upon which it was stricken out.

From the Allen Circuit Court.

*H. Colerick* and *W. S. Oppenheim,* for appellant.

*S. R. Morris, R. C. Bell, J. Morris* and *J. M. Barrett,* for appellees.

MILLER, J.—This was an action brought by the appellees against the appellant to recover for the taking of a strip of land for a street.

The complaint alleges that the appellant, on the — day of ———— 1873, unlawfully entered upon and took possession of a strip of land, sixty feet in breadth, and extending north and south through the Hamilton homestead in said city, then and ever since the property of the appellees, with the view of extending Clinton street, in said city, through and across said homestead, without the consent and against the will and protest of the appellees; that the appellant proceeded illegally against the will and repeated protests of the appellees, to construct and build a street and sidewalk upon said strip of land, to dig up and remove therefrom the soil, shrubs and shade trees, and permanently to hold, use and occupy said strip of land unlawfully and against the will of the appellees, as one of its public streets. It is alleged that the land so taken, held and used was, at the time, of the value of thirty thousand dollars. It is also averred that while the appellant so unlawfully took, held and used said strip of land the appellees again and again demanded the possession of the same, but that appellant refused to restore to them, or permit them to take possession of the same. It is further averred that before the commencement of this suit, to wit, on the 27th day of September, 1887, the appellees notified the appellant in writing that it could no longer hold and use said strip of land for and as one of its public streets or otherwise, except upon the condition that it pay to the appellees the full value thereof, and that they, the appellees, would regard its further use and occupancy by the appellant as a public street, as an agreement to permanently hold and occupy as its own said strip of land as one of its public streets, and pay to the appellant the full value thereof. It is also averred that after the receipt of said notice, the appellant continued exclusively to hold, use and occupy said strip of land as one of its public streets and as its own property. And the appellees in their complaint offer, upon being paid the value of their land so taken and held, to fully recognize the appellant's right there-

to, and furnish it such assurance of title as may be just and right.

The appellant demurred to the complaint. Its demurrer was overruled, and an answer in four paragraphs filed, the second of which was subsequently drawn.

The first paragraph of answer was a general denial.

The third paragraph was as follows: "And for a third paragraph of answer to plaintiff's complaint the defendant says that the cause of action of plaintiffs is for the opening of Clinton street in said city of Fort Wayne; that said city began proceedings to have said land condemned and the proper assessment of damages and benefits made as provided by law; that said strip of land was occupied and street opened under such proceedings, but that on appeal, at plaintiff's instance, said proceedings were wholly set aside and held for naught.

"Defendant further avers that the benefits that accrued to the property of plaintiffs through which said Clinton street was thus opened, were in excess of the injuries and damages accruing thereto; that the real estate of plaintiffs on both sides of said strip of land so taken, which was then, and is now, the property of plaintiffs, was benefited in the sum of thirty-five thousand dollars by reason of the taking of the strip of land described in the complaint and opening said street."

The fifth paragraph of answer was the six years statute of limitations pleaded to all of the complaint, except such as seeks to recover for the value of the real estate taken.

A fourth paragraph of answer was filed and held good on demurrer, but it need not be set out or noticed.

To the fifth paragraph of answer the appellees replied:

1st. That the proceedings for the appropriation of the land were continuously pending from the year 1873 until April 2d, 1886, when they were dismissed, and that the suit was begun on the 21st day of November, 1887.

The third paragraph of answer was, on motion of the ap-

pellees, struck out, and a demurrer to the first paragraph of the reply to the fifth paragraph of answer was overruled.

The cause was tried by a jury, and a verdict and judgment rendered against the appellant.

The errors assigned here are that the court overruled the demurrers to the complaint, and to the reply to the fifth paragraph, and overruled the appellant's motion for a new trial.

In support of the demurrer the appellant contends that cities have no power to purchase land for the opening, extension or enlargement of its streets, and pay for it out of the general funds of the city; that towns and cities can only acquire real estate for street purposes by accepting its dedication, or by pursuing the method provided by statute for its condemnation, and the assessment of damages and benefits; that the statute contemplates that the cost of the opening or extension of a street shall be borne by the property-holders whose lands are benefited by the change, without becoming a charge upon the general revenues of the city; that a city having no right to become the purchaser of land to be laid out into streets, it can not be held liable as upon an implied contract for the payment of the price of land taken for that purpose. In other words, that a city can not be held liable as upon an implied contract in a matter where it has no power to make an express one.

It is also insisted that the title to the premises taken by the appellant is, and must of necessity remain in the appellees, and that their only remedy is to recover its possession and damages for any injury it has sustained, or to have damages assessed against the property benefited as provided by statute.

While there is some confusion in the manner in which the cause of action is stated in the complaint, we are of the opinion that it sounds in tort rather than upon a contract, express or implied. We do not regard the notice served by the appellees upon the city that they would regard the continued occupancy of the ground by the city as an agreement

to pay them its full value, as the foundation of the cause of action.

The nature of the pleading must be determined from its general character, scope and tenor. *Cottrell* v. *Ætna Life Ins. Co.*, 97 Ind. 311; *First Nat'l Bank, etc.*, v. *Root*, 107 Ind. 224; *Bingham* v. *Stage*, 123 Ind. 281; *Pearson* v. *Pearson*, 125 Ind. 341; *Batman* v. *Snoddy, ante*, p. 480.

The cause of action is predicated upon the wrongful taking or retention of the appellees' property and its permanent appropriation and use for a public street.

Whatever doubts may exist as to the right of a municipal corporation to purchase real estate for its streets or other thoroughfares, there can be none as to its liability as a tortfeasor for taking possession of private property without complying with the charter under which it is incorporated. 2 Dillon Munic. Corp.. section 971.

The appellant's counsel in their brief do not deny the liability of the city for the trespass, in an action of trespass, but insist that a recovery would be limited to direct injuries, and could in no event include the value of the strip of land appropriated. In *Soulard* v. *City of St. Louis*, 36 Mo. 546, the precise question involved in this case came up for decision. In that case the city, without causing the land to be condemned and appropriated, as provided in its charter, took possession of the plaintiff's land and used it as one of its public streets for the period of about ten years before the commencement of the suit. Before bringing suit the plaintiff signified to the city his willingness to permit the permanent use of the land for street purposes upon the payment to him of the first value of his land. In the course of the opinion it is said: " The whole burden is devolved on the city of taking the initiative to procure the condemnation, and no provision is made by which the value can be ascertained or the quantity of damages assessed by the voluntary action of the owners of the property. Where the Legislature authorizes an act of this kind, the natural and inevit-

able result of which will be to damage or appropriate the property of another, and at the same time points out the mode, at the election of either party, how these damages can be ascertained and redress obtained, the common law remedy will be taken to be superseded and the statutory remedy exclusive (*Lindelle* v. *Hannibal, etc., R. R. Co.*, 36 Mo. 543); but where no such remedy is given at the election of the party complaining of the injury, the common law right of action remains unaltered. In this case; the city proceeded to take and appropriate the plaintiff's property without pursuing the mode prescribed in its charter authorizing it to enter upon and use for its own purpose the land of another whenever it should be considered necessary or expedient for the furtherance of the public interests. The act done, then, was without authority of law; it was wrongful, and amounted to a trespass." In speaking of the measure of damages it was said: "In regard to the measure of damages, it has already been prescribed by this court in *Mueller* v. *St. Louis, etc., R. R. Co.*, 31 Mo. 262, a case involving essentially the same principle. It was there held, on the authority of *Jones* v. *Gooday, supra*, that in an action for damages for wrongfully entering upon land and taking and carrying away the soil, etc., the proper measure of damages is not the actual damages sustained, but the value of the land removed; and as the defendant has taken and appropriated to its own use the land used as a street, its fair and reasonable value will afford the criterion in estimating the damages."

The court also expresses the opinion that the plaintiff, receiving full value for the land, it would, *ipso facto*, work a dedication thereof to the city. But that question was unimportant, as the plaintiff offered to convey to the city upon the payment of the value of the property.

In *Longworth* v. *City of Cincinnati*, 48 Ohio St. 637, a case decided during the pendency of this appeal, the action was to recover for a strip of land unlawfully appropriated for a public street without having the damages and benefits assessed

according to law. The plaintiff in his petition offered to convey the same in fee simple upon payment by the defendant of its value, and consented that a decree might be entered ordering a conveyance in fee simple to the defendant. The court held that where land was appropriated for a street without having the damages assessed and paid, the owner, at his option, might either recover the land, or, where work in the line of street improvement had been done upon the premises, and the occupation of the street by the public would be interrupted, recover the value of the property.

The measure of damages in actions of this kind seems to depend upon the character of the injury. Where the injury is permanent, and the complaint recognizes the right of the defendant to continue in the use of the property wrongfully appropriated, and to succeed to the plaintiff's title to the property, damages may be assessed upon the basis of its value. Where, however, the action is to recover for past injuries without recognition of the right of the defendant to continue the injury complained of, the recovery will be limited to a compensation for injuries already sustained. *Indianapolis, etc., R. W. Co.* v. *Eberle*, 110 Ind. 542.

The injury complained of in this case was permanent and destructive. The shrubs, shade trees and soil were removed therefrom and a street and sidewalk constructed, so that it was practically impossible to restore the property to its former condition. In addition to this, the rights of the public demanded its continuance as a public thoroughfare. This brings the case within the rule laid down in *Jones* v. *Gooday*, 8 M. & W. 146, cited in *Anderson, etc., R. R. Co.* v. *Kernodle*, 54 Ind. 314, fixing the measure of damages at the value of the land, rather than the amount which would be required to restore it to its original condition.

The appellant cites and strongly relies upon the case of *Paret* v. *Mayor, etc.*, 40 N. J. L. 333. That was an action of assumpsit for the value of land taken for a public improvement without having the damages and benefits as-

sessed. The case differs in some respects from the one before us, and also from the cases of *Soulard* v. *City of St. Louis, supra,* and *Longworth* v. *City of Cincinnati, supra,* in this, that no offer to convey the property to the municipality was made ; and the suit being by an executor, who had no power to transfer title, no stipulation could be incorporated in the decree to that effect. The reasoning of the case is, however, variant from the two cases referred to, the court holding that the scheme pointed out by the statute of having the damages ascertained is exclusive, and that where that course is not followed the land-owner is remitted to the right of recovering his property with incidental damages as his sole remedy.

In our opinion the better reason and the weight of authority are against the position taken in *Paret* v. *Mayor, etc., supra,* and we decline to follow it. We, therefore, hold that the court did not err in overruling the demurrer to the complaint.

We do not find it necessary to determine whether or not the court was in error in striking out the third paragraph of answer. The record shows that the court, upon the trial, admitted under the general denial all the evidence that could have been introduced in support of this paragraph. The fact that the evidence was admitted under the general denial would not of itself be sufficient to cure a wrongful holding on the motion to strike out. Elliott's App. Proc., section 638. But as the evidence was admissible under the general denial, we may presume that this was the ground upon which the motion was sustatned. The answer to interrogatories submitted to the jury show that the amount of the verdict was arrived at by deducting the value of the property of the appellees, with the improvement, from its value without the improvement. This method of arriving at the damages sustained by the appellees did not differ from that provided by statute regulating the assessment of damages

and benefits. Davis' Supp., pp. 96, 97, section 3172, R. S. 1881.

If the city lost the benefit of having the benefits to other land-holders, on account of the opening of the street, assessed against them, it was the result of its own failure to proceed according to law, in no way chargeable to the appellees. That was a matter between it and the other land-owners affected by the change in which the appellees were not concerned.

The court did not err in holding the first paragraph of reply to the fifth paragraph of answer good on demurrer.

A cause of action can not be said to have accrued until such time as the plaintiff can legally institute his action for relief. Boswell Limitations, section 27.

Under the statute the regularity of the proceedings for condemnation, as well as the amount of the damages, were involved in the appeal and pending in the court. While this proceeding was pending in the circuit court, an independent action for the recovery of damages for the taking of the property would not lie. *Ney* v. *Swinney,* 36 Ind. 454; *Pittsburgh, etc., R. W. Co.* v. *Swinney,* 97 Ind. 586.

The appellees could not institute their action for the injuries complained of until the termination of the action pending. This action was brought within less than two years from the time the cause of action accrued.

The evidence sustains the verdict of the jury. We find no error in the record.

Judgment affirmed.

Filed Nov. 1, 1892.