No. 1,466.

## THE CITY OF HUNTINGTON ET AL. *v.* KENOWER.

**APPELLATE COURT PRACTICE.**—*Assignments of Error Based on Rulings in Former Actions.*—Where the record discloses that certain of the assignments of error are based on rulings made in a former action which was dismissed before the case in which they are assigned was commenced, the court can not reverse the judgment rendered in the subsequent action on account of the rulings made in a former action for the same cause.

**MUNICIPAL CORPORATION.**—*Street.*—*Dedication.*—*Suit for Damages for Appropriation of Land.*—*Necessary Allegation.*—Where a fair construction of a complaint is that plaintiff's land therein described was appropriated for permanent use as a street, a recovery of damages thereon works a dedication of the land to the city for street purposes; and in such case it is not necessary for plaintiff to aver a willingness to convey the land described before he could recover its value.

From the Huntington Circuit Court.

*J. B. Kenner* and *U. S. Lesh,* for appellants.

*M. L. Spencer, W. A. Branyan* and *T. L. Lucas,* for appellee.

DAVIS, J.—It appears from the transcript in this case that on the 12th day of October, 1888, appellee filed a complaint against appellant and Andrew J. Rosebraugh to recover damages in trespass for breaking into his close, destroying his fences, ploughing deep furrows in his ground, etc. Said action was numbered 3,482 in the Huntington Circuit Court. The defendants therein duly appeared and answered. The cause was afterwards tried by the court, and on the 3d day of February, 1890, judgment was rendered in favor of defendants. On the 13th day of February, 1890, said Kenower filed a motion for a new trial as of right, which was granted. No exception was reserved to this ruling. On the 16th of June, 1890, said defendants filed a motion to set aside

the order of the court granting a new trial, which was overruled and exception reserved. On the 15th of April, 1891, the plaintiff therein dismissed said cause of action.

Afterwards, on the 23d of June, 1891, this action, No. 4,363, was commenced in said court. The first paragraph of the complaint is the same as the complaint in the former action. The cause of action in the second paragraph of the complaint is predicated upon the wrongful taking of the appellee's property, and its permanent appropriation and use for a public street. The appellants answered in two paragraphs, first a general denial, and second that the ground described in the complaint was, and had been, a public street, as shown upon the plat of said town of Huntington, for more than twenty years, etc.

The issues were submitted to a jury for trial, which returned a special verdict on which judgment was rendered in favor of appellee for one thousand dollars. The errors assigned are:

1st. The court erred in granting the appellee a new trial as of right.

2d. The court erred in overruling the motion of appellants to set aside the order granting the appellee a new trial as of right.

3d. The court erred in overruling appellants' motion for a *venire de novo.*

4th. The court erred in overruling appellants' motion for a new trial.

The record discloses, as has heretofore been noticed, that the first two errors assigned are based on rulings made in a former action which was dismissed before this suit was commenced. There was no appeal from the final judgment in that action. The judgment rendered in that action was not pleaded as a defense in this action. We can not on the record as it comes to us reverse the

judgment rendered in the second action on account of the rulings made in the former actions.

There was no error in overruling the motion for a *venire de novo*. *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268; *Chicago, etc., R. R. Co.* v. *Barnes*, 2 Ind. App. 213.

The fourth error assigned presents the only question for serious consideration. It is earnestly contended by counsel for appellants that the special verdict departs from the theory of the complaint; that the action was for damages for trespass only, and that the verdict is on the theory that the city of Huntington has made a permanent appropriation and use of the ground for a public street. In this view counsel, in our opinion, are mistaken. A fair and reasonable construction of the second paragraph of the complaint shows, in substance, that the city of Huntington had appropriated appellee's ground therein described for permanent use as a public street. The facts found in the special verdict fully and clearly sustain this theory. It was not necessary for appellee to aver a willingness to convey the land described to the city before he could recover its value. His recovery on the issue tendered by the second paragraph of his complaint *ipso facto*, works a dedication thereof to the city. He is forever estopped to claim title to the ground which has been appropriated and is now being used as a street. *Morris* v. *Watson*, 8 Ind. 1; *City of Fort Wayne* v. *Hamilton*, 132 Ind. 487.

We have carefully read the entire record in the light of the able and exhaustive argument and analysis of the evidence by counsel, and we are satisfied that we would not be justified in reversing the judgment of the learned trial court on the evidence.

We find no error in the record.

Judgment affirmed.

Filed April 24, 1895.