## MIDDAUGH v. WILSON ET AL.

[No. 4109.   Filed November 25, 1902.]

PLEADING.—*Demurrer.*—*Action Prematurely Brought.*—*Appeal and Error.*
—Where it appears upon the face of the complaint that the action
is prematurely brought, the objection for such cause may be taken
by demurrer; and such objection may also be presented on appeal
by assigning as error that the complaint does not state facts suf-
ficient to constitute a cause of action.   *pp. 114, 115.*

BILLS AND NOTES.—*Maturity.*—*Agreement.*—A note payable six years
after date, given as part consideration for real estate conveyed,
was subject to a contemporaneous written agreement to the ef-
fect that the maker should support the grantor during his life
and pay to him $25 each year, and if grantor should live six
years from the date thereof the note should be considered fully
paid, but "that at the death" of grantor, "if he should not live
six years from this date" the note should be paid to his daughter.
The grantor died within the six years and the daughter brought
suit on the note.   *Held*, that the note was not payable until six
years from its date.   *pp. 112-115.*

From Wells Circuit Court; *E. C. Vaughn*, Judge.

Action by Martha Middaugh against Bethilda Wilson
and husband on a promissory note.   From a judgment
for defendants on demurrer to complaint, plaintiff ap-
peals.   *Affirmed.*

*J. S. Dailey, Abram Simmons* and *F. C. Dailey*, for
appellant.

BLACK, P. J.—A demurrer to the complaint of the appel-
lant Martha Middaugh, against the appellees, Bethilda
Wilson and John A. Wilson, her husband, for want of suffi-
cient facts was sustained.   In the complaint it was shown
that August 16, 1900, Jacob Bushee, father of the appel-
lant, executed his warranty deed conveying to the appellee
Bethilda certain land, and, as part of the transaction, and
as part of the consideration of the deed and of the purchase
money for the land, the appellee Bethilda executed her
promissory note (made an exhibit) for $300, payable to

the grantor six years after that date. The note contained the following: "This note is subject to satisfaction according to the terms of a written agreement of this date executed by said payee and payor and one John A. Wilson."

At the same time, and as a part of the same transaction, the appellees executed a contract in writing which was signed by them and said Jacob (also made an exhibit), wherein it was recited that certain matters of indebtedness existed between the parties; that they desired to settle all matters in controversy between them and all such indebtedness, and desired to make provision for a home for said Jacob, and to provide for his wants during his natural life; that the parties to said contract were all living on said tract of land belonging to said Jacob (describing it); that it was agreed that the land should be conveyed by said Jacob to said Bethilda by a deed referring to this written instrument in such manner as to make the land security for the performance by the appellees of the terms of this contract; that said Jacob, at the time of his executing this contract, also executed to said Bethilda a warranty deed for the land, the consideration whereof was that the grantee assumed and agreed to pay a certain mortgage debt upon the land, not here in controversy; that said Bethilda had that day also executed to said Jacob "her promissory note for $300 to come due six years hereafter, without interest, but which note shall become wholly satisfied and shall not be collectible in the event that said Jacob Bushee shall continue to live for a period of six years from this date, it being expressly agreed and understood by the parties hereto that in the event that said Jacob Bushee shall be living at the end of said six years, that fact shall be conclusive that said promissory note has been fully paid and satisfied, and the note itself surrendered to said Bethilda Wilson."

It was agreed in the written contract that Bethilda, during the natural life of Jacob, should pay to him $25 each year,

and should maintain him, and provide a home for him during the rest of his natural life; also, that all indebtedness between the parties to the contract was thereby satisfied, except as in this contract specified, that the land was made subject to the performance by Bethilda of her agreement to maintain and provide for Jacob and to said annual payment. It was also agreed "that at the death of said Jacob Bushee, if he should not live six years from this date, the said $300 note shall be paid to Martha Middaugh, who shall, in such event, become sole owner of said note, but not otherwise; for if he lives six years this note is not to be paid."

It was alleged in the complaint that during the lifetime of Jacob Bushee he presented this note to the appellant, and she accepted it and took it into her possession, and she has ever since that time retained the possession thereof; that Jacob died in February, 1901, leaving no estate and no indebtedness; that before the commencement of this action she demanded payment of the note of the appellee Bethilda, but she failed and refused to pay it; that the note "by terms and conditions of said written contract, is now due and owing the plaintiff, and remains wholly unpaid, wherefore," etc.

It is said in the brief for the appellant that the court below adopted the theory, in harmony with the only objection urged in that court by appellees in support of the demurrer, that the complaint did not state sufficient facts, because it showed on its face that the action was prematurely brought. Where it appears on the face of the complaint that the action is prematurely brought, the objection for this cause may be taken by demurrer. *Walter A. Wood, etc., Co.* v. *Caldwell,* 54 Ind. 270, 281, 23 Am. Rep. 641; *Norris* v. *Scott,* 6 Ind. App. 18, 20.

Such objection, not being included in any of the other statutory grounds of demurrer, is within the ground stated in the fifth clause of §342 Burns 1901,—that the complaint does not state facts sufficient to constitute a cause of action.

The objection apparent on the face of the complaint may also be presented on appeal by assigning as error that the complaint does not state facts sufficient to constitute a cause of action. §346 Burns 1901. If the objection does not appear on the face of the complaint it must be taken by answer in abatement. §346 *supra;* *Moore* v. *Sargent,* 112 Ind. 484; *Norris* v. *Scott, suprá.*

The note and the contemporaneous written contract, each of which refers expressly to the other, construed together, indicate that while the note given as part consideration for the real estate conveyed by the payee to the maker, was to be paid at all events, it was to be paid to the payee only by way of providing for his support for six years, if he should so long survive; but if he should die before the expiration of that period it was to be paid in money to the appellant. It was referred to in the contract as a "promissory note for $300 to come due six years hereafter," but not to be collectible in the event that the payee should live for that period. In the contract it was stated, that "at the death" of the payee before the end of six years "the said $300 note shall be paid to" the appellant, who, in that event, but not otherwise, was to become "sole owner of said note." It was not expressly provided that it should become due at any time prior to its maturity as indicated by its terms, and the claim that it was due at the commencement of the action is based solely upon the part of the agreement in the words above quoted, that at the death of the payee, if he should not live six years, the note should be paid to appellant. Taking the entire transaction into consideration, we think it is sufficiently indicated to be the intention of the parties that the note, in any event, was to run for the full period expressed therein, and that if not paid by services rendered and maintenance furnished for that period, it would be treated as a promissory note payable according to its terms to the appellant.

Judgment affirmed.