## OREGON–WASHINGTON WATER SERVICE CO. v. CITY OF HOQUIAM et al.

Circuit Court of Appeals, Ninth Circuit.
November 30, 1928.

No. 5549.

McCamant & Thompson, of Portland, Or., and Theo. B. Bruener, of Aberdeen, Wash., for appellant.

W. H. Abel, of Montesano, Wash., and James P. H. Callahan, of Hoquiam, Wash., for appellees.

Warren Olney, Jr., A. Crawford Greene, F. F. Thomas, Jr., and Victor E. Kleven, all of San Francisco, Cal. (McCutcheon, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), amici curiæ.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. The main contention urged in the petition for a rehearing is that we failed to give consideration to the rule that a defendant may waive the objection that the action is premature by failing seasonably to interpose it in the trial court. While we think the grounds upon which the decision is made to rest reach deeper than mere prematurity, for the purpose of disposing of the contention we accept appellant's assumption in that respect. By General Equity Rule 29, demurrers and pleas are abolished, and any defense in point of law arising on the face of the bill which formerly could have been made by demurrer or plea must now be made by a motion to dismiss, or in the answer. Prematurity here appears on the face of the bill. The defendant interposed, and the court sustained, a motion to dismiss. The record nowhere expressly shows what specific grounds for the motion were urged or on what ground the court sustained it. Appellant now states that the position of the city is perfectly clear, namely, that it has not agreed to purchase the plant and cannot be compelled to do so. True, that is one of the positions now taken but not the only one. And below defendant may have urged all the grounds which it here urges, including so-called prematurity. Indeed, in contrast with what appellant now asserts in that re-

spect, it is noteworthy that in its printed reply brief it used this language: "There is nothing to show that the city is unwilling to take the property. On this record we are entitled to say that the city desires our water plant."

■ Under the simplified forms of pleading prescribed by the General Equity Rules, we are of the opinion that, being one of law appearing on the face of the bill, the defense of prematurity could have been urged by defendant under its motion to dismiss, and, being so available, we shall not presume it was waived. That it is available under the general issue, when raised either by demurrer or answer, we think is sustained by abundant authority. In 31 Cyc. 291, it is said: "The objection that an action is prematurely brought may be urged by demurrer if the facts appear on the face of the pleading." See, also, Middaugh v. Wilson, 30 Ind. App. 112, 65 N. E. 555; First National Bank v. Dakota F. & M. Ins. Co., 6 S. D. 424, 61 N. W. 439; Ganceart v. Henry, 98 Cal. 281, 33 P. 92; Landis v. Morrissey, 69 Cal. 83, 10 P. 258.

The other contentions made present nothing new.

In response to a suggestion in the petition, and to avoid any possible misunderstanding, it will be ordered that the decree below be amended by adding thereto: "Dismissal being upon the ground that the suit was brought before any right of action accrued to plaintiff, this decree will be without prejudice touching any other question."

Petition for rehearing is denied.