**Thomas Michael MATTINGLY, Appellant (Plaintiff below),**

v.

**George T. WHELDEN, Jr. and Larry A. Robertson, Appellees (Defendants below).**

No. 2–381A79.

Court of Appeals of Indiana.
Second District.

May 18, 1982.

---

Robert W. York, George & York, Indianapolis, for appellant.

Donald L. Jackson, Joseph E. DeGroff, Gregory D. Sumner, Bingham, Summers, Welsh & Spilman, Dale W. Eikenberry, Wooden, McLaughlin & Sterner, Indianapolis, for appellees.

SHIELDS, Judge.

Thomas Michael Mattingly appeals the trial court's judgment against him and for George T. Whelden, Jr. and Larry A. Robertson.

We remand the judgment for clarification, but otherwise affirm.

Mattingly filed a complaint for malicious prosecution against Wheldon and Robertson based upon an underlying cause brought by Robertson, represented by his attorney, Whelden, against Mattingly. The Hancock Superior Court entered judgment for Mattingly and against Robertson on the underlying cause for replevin on November 26, 1979. However, on the same date the malicious prosecution action was commenced, April 21, 1980, Robertson perfected a timely appeal of the underlying cause by filing the Record of Proceedings with the clerk of this court.

Whelden. and Robertson then filed motions for summary judgment on the basis the underlying cause was not terminated in Mattingly's favor because it was on appeal. On August 26, 1980, the day before the hearing on the pending motions, Mattingly filed a motion in opposition to the motions for summary judgment or, in the alternative, for dismissal of his complaint without prejudice. The trial court granted the motions for summary judgment finding:

"1. There are no genuine issues of material facts as to whether the underlying

action upon which Plaintiff has based this Complaint for malicious prosecution has been terminated in favor of Plaintiff in that said matter is presently pending before the Indiana Court of Appeals.

"2. The law is with the Defendants since all the elements necessary for the maintenance of a malicious prosecution action are not present in the case at bar."

Record at 73.

It then entered judgment as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants are entitled to judgment against Plaintiff as a matter of law on Plaintiff's Complaint and that therefore Defendants' Motions for Summary Judgment are hereby granted. Costs versus Plaintiff."

Record at 74.

Mattingly's appeal raises three issues:

1. Did the trial court err in granting summary judgment on the basis the underlying cause had not been terminated by the pendency of an appeal?

2. Did the trial court abuse its discretion by granting the motions for summary judgment as opposed to the motion to dismiss without prejudice?

3. Did the trial court err in denying the motion for relief from judgment?

## I

■ Mattingly admits the underlying cause had not been finally terminated at the time he commenced this action due to the pendency of the appeal and, therefore, a genuine issue of material fact did not exist. He further concedes the successful termination of the underlying cause is an essential element of his action. *Commercial Credit Corp. v. Ensley*, (1970) 148 Ind.App. 151, 264 N.E.2d 80. Rather, he disputes the effect of the lack of finality. Relying on *Ensley*, he argues the lack of finality does not forestall him from instituting his suit but only from enforcing his remedy. We disagree.

The following language does appear in *Ensley*:

"It is true that appellees could have filed the suit for malicious prosecution before the outcome of the pending appeal—instituted by appellant—was known. We are of the opinion, however, that appellees could not have *enforced* their remedy until *final disposition* of the attachment proceedings . . . ."

264 N.E.2d at 86.

Mattingly places undue emphasis on this language. It simply acknowledges that, in fact, a lawsuit may be prematurely commenced and does not hold the premature action above attack. This is amply demonstrated by the cited authority. *For example, City of Ft. Wayne v. Hamilton*, (1892) 132 Ind. 487, 32 N.E. 324, recognizes a cause of action does not accrue until the plaintiff can legally institute an action for relief. Thus, in *Hamilton*, the supreme court held an action to recover damages could not be instituted until the termination of another pending action for condemnation. Furthermore, any ambiguity in *Ensley* was put to rest in *Snider v. Lewis*, (1972) 150 Ind.App. 30, 276 N.E.2d 160, which clarified the *Ensley* language as requiring a favorable termination of the underlying cause as a necessary element *before* bringing a suit for malicious prosecution. *Snider*, 276 N.E.2d at 170.

Mattingly also argues Robertson's failure to file an appeal bond in the underlying cause permitted him to commence his malicious prosecution action prior to the finality of the appeal. This argument was also presented in *Ensley* and decided adversely to Mattingly.

Therefore, the trial court properly concluded the subject action was premature because it had not accrued. An essential element of the cause of action was not in existence. Because the action had not matured, it was properly subject to attack.

Prior to the adoption of the Indiana Rules of Procedure a premature action was attacked by a plea in abatement. *Middaugh v. Wilson*, (1902) 30 Ind.App. 112, 65 N.E. 555. Indiana Rules of Procedure, Trial Rule 7(C) specifically abolishes pleas in abatement and provides objections and defenses formerly raised by the plea shall be

raised in a responsive pleading if one is required except for certain defenses which may be made by a T.R. 12(B) motion. However, a premature action is not one of the enumerated defenses which may be made by a T.R. 12(B) motion. It must, therefore, be raised by a responsive pleading. However, as in this action, a defense may also be asserted and determined by means of a motion for summary judgment. T.R. 56.

■ Whether the defense is asserted by a responsive pleading or tested by a motion for summary judgment does not change its effect. As the defense of prematurity does not concern the merits of a claim, it is not a defense which if deemed valid has any *res judicata* ramifications. *Kirkpatrick v. Stingley*, (1850) 2 Ind. 269. It remains a defense which:

> "without disputing the justice of plaintiff's claim, objects to the ... time of asserting it; it allows plaintiff to renew his suit ... at another time, and does not assume to answer the action on its merits, or deny the existence of the particular causes of action on which plaintiff relies."

*Powers v. Ellis*, (1952) 231 Ind. 273, 277, 108 N.E.2d 132, 134. Therefore, a motion for summary judgment based upon the prematurity of the asserted claim must not be a vehicle for barring a timely action if, in fact, a claim subsequently matures. Because, facially, the subject judgment is unclear, we deem it appropriate to remand this cause to the trial court with instructions to correct its judgment of September 8, 1980 to reflect it is a judgment of dismissal due to prematurity without prejudice to further action.

## II

■ Mattingly next argues the trial court abused its discretion in granting a summary judgment rather than granting his motion to dismiss. The premise of his argument is the existing judgment, pursuant to motions for summary judgment, will prevent him from having his day in court under the principle of *res judicata.* He relies upon the expressed judicial preferences for deciding cases on the merits and giving parties their day in court as the basis for the trial court's alleged abuse of discretion.

We find no abuse of discretion. A voluntary dismissal under T.R. 41(A)(1) was not timely because it followed the service of motions for summary judgment by the adverse parties. While the trial court did have the discretion to grant the dismissal under T.R. 41(A)(2), we do not reach the issue of any abuse because the essence of the judgment as directed by this court is a judgment of dismissal of a premature action, without prejudice. This is the same relief Mattingly would have been afforded by the trial court's grant of his motion.

## III

■ Finally, Mattingly claims error in the trial court's denial of relief sought by him in his T.R. 60(B)(2) motion.

February 27, 1981, over four (4) months after the trial court entered judgment, Mattingly filed a motion for relief from judgment. The basis of the motion was newly discovered evidence which by due diligence could not have been discovered in time for inclusion in a timely motion to correct error. He identifies the newly discovered evidence as the "now" final judgment in the underlying cause. The opinion of the court of appeals affirming the decision of the Hancock Superior Court in the underlying cause was certified to the trial court on February 18, 1981.

We address this issue as framed by Mattingly.

Mattingly concedes the trial court's denial of his motion is correct if the newly discovered evidence which forms the basis of a T.R. 60(B)(2) motion has to be in existence at the time of the contested decision. While this question is one of first impression in Indiana, we note where an Indiana trial rule is patterned after a federal rule, "the authorities on the latter are helpful in construing our Indiana rule." *Gumz v. Starke Cty. Farm Bureau Co-op Ass'n.,* (1979) Ind., 395 N.E.2d 257, 261. Fed.R.

Civ.P. 60(b)(2), which contains the same ground for relief as T.R. 60(B)(2), has been interpreted as referring to evidence in existence at the time of the judgment. *NLRB v. Jacob E. Decker and Sons*, 569 F.2d 357 (5th Cir. 1978); *Ryan v. United States Lines Co.*, 303 F.2d 430 (2d Cir. 1962); *Brown v. Pennsylvania Railroad Co.*, 282 F.2d 522 (3d Cir. 1960). We agree and apply the same interpretation to T.R. 60(B)(2) with confidence as it fails to create an injustice. Other provisions of both T.R. 59 and T.R. 60 are intended to offer relief under the present circumstance. Therefore, the trial court properly denied Mattingly's T.R. 60(B)(2) motion.

Cause remanded with instructions to the trial court to correct its judgment to reflect the dismissal of Mattingly's complaint due to prematurity after which the judgment is affirmed. Costs of appeal ordered divided equally between the appellants and appellee.

MILLER, P. J., sitting by designation, and SULLIVAN, J., concur.